[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15005
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00262-CR-2-LSC-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER MARTIN JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 17, 2010)

Before EDMONDSON, BIRCH  and FAY, Circuit Judges.

PER CURIAM:

Christopher Martin Jones appeals from his sentence imposed following his conviction for possessing a firearm as a convicted felon. On appeal, Jones argues that the district court erroneously found that his 1992 conviction by a special court-martial for sodomy, in violation of United States Military Justice ("UCMJ") Article 125, 10 U.S.C. § 925, constitutes a sex offense that requires registration under the Sex Offender Registration and Notification Act, 42 U.S.C. § 16901 *et. seq.* ("SORNA"). Accordingly, he argues, the court abused its discretion in ordering that he register as a sex offender under SORNA as a special condition of his supervised release (special condition 5). In addition, Jones also argues that the court abused its discretion in imposing special conditions 2, 3, 4, 6, and 7 of his supervised release, which are targeted toward preventing future sexual misconduct. Relying on 18 U.S.C. § 3583(d), Jones contends that, in light of the fact that his criminal history includes only one conviction for a sex offense, and this offense occurred in 1992, these special conditions are not reasonably related to the sentencing goals set forth in 18 U.S.C. § 3553(a).

For the reasons set forth below, we vacate and remand.

## I.

A federal grand jury indicted Jones for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Jones ultimately pled guilty to the

offense.[1]

In preparing the presentence investigation report ("PSI"), the probation officer reported that, in 1992, Jones was convicted by a special court-martial for the military offenses of sodomy and indecent acts. An investigation had revealed that Jones engaged in sexual activity with a 16-year-old girl. At the time that he and the 16-year-old engaged in sexual activity, they were in the presence of a 15-year-old girl. Jones had provided the minor girls with alcohol. Regarding Jones's conviction for indecent acts, the probation officer reported that military records specified that this conviction was based on the fact that Jones had committed sodomy with a 16-year-old female while in the presence of a 15-year-old female.

Before sentencing, Jones obtained military records that pertained to his sodomy conviction. These military records showed that a special court-martial had convicted Jones of sodomy under "Article 125," and also of committing an indecent act under "Article 134." The documents did not provide further details regarding Jones's sodomy offense.

The government filed a sentencing memorandum, arguing that Jones's

---

[1] We note that Jones and the government entered into a written plea agreement, which included an appeal-waiver provision. The government, however, does not seek to enforce this provision on appeal. Moreover, this provision would not be enforceable because, during Jones's plea colloquy, the district court failed to sufficiently confirm with Jones that he had knowingly and voluntarily agreed to this provision. *See United States v. Benitez-Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997); *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).

convictions for sodomy and indecent acts required him to register as a sex offender, pursuant to SORNA. Jones also filed a sentencing memorandum, arguing that he was not required to register as a sex offender under SORNA. In the memoranda, the parties agreed that the U.S. Secretary of Defense is authorized to specify those military offenses that require SORNA registration, and that these offenses are set forth at 28 C.F.R. § 571.72. While the government argued that Jones's sodomy conviction under UCMJ 125, 10 U.S.C. § 925 was included in § 571.72, Jones contended that, while § 571.72 listed the military offenses of forcible sodomy and sodomy of a minor under the age of 16, it did not list the sodomy offense of which he was convicted. Accordingly, he asserted, he was not required to register as a sex offender under SORNA. In addition, Jones pointed out that he had never been ordered to register as a sex offender under federal or state law, and asserted that, because his criminal history included only one conviction for sexual misconduct, and this offense occurred in 1992, he is not a sexual predator. Jones further argued that, when Congress enacted SORNA, it did not intend to target individuals who are not sexual predators.

At Jones's sentencing hearing, the court adopted the factual statements and guideline calculations set forth in the PSI. Thereafter, Jones and the government reasserted the arguments set forth in the sentencing memoranda regarding SORNA

4

registration. The court determined that Jones's sodomy conviction required that he register as a sex offender under SORNA, stating merely, "I am satisfied that [Jones] is required to register as a sex offender." The court did not otherwise address the parties' arguments regarding SORNA registration, and did not address Jones's argument that his sodomy conviction was not listed among those military convictions that require SORNA registration.

The court sentenced Jones to a term of 120 months' imprisonment. The court further ordered that, as a special condition of his supervised release, Jones was required to register as a sex offender, in compliance with SORNA. The court also imposed additional special conditions of Jones's supervised release. In these special conditions, the court ordered that Jones: (1) shall not have unsupervised, one-on-one contact with any individual under the age of 18, other than his own children (special condition 2); (2) shall not engage in any occupation, employment, or volunteer activity that would place him in a position of trust with an individual under the age of 18 (special condition 3); (3) shall allow a probation officer access to any photographs or video recordings in his possession (special condition 4); (4) shall, at any time, submit his person and any property, including data storage media, to a search conducted by a law enforcement officer, regardless of whether the officer has a search warrant (special condition 6); and (5) shall participate in an

5

approved mental health treatment program specializing in sex-offender treatment, which may include a psycho-sexual evaluation and polygraph testing (special condition 7).

## II.

We review "the district court's imposition of a special condition of supervised release for abuse of discretion." *United States v. Dodge*, 597 F.3d 1347, 1350 (11th Cir. 2010) (*en banc*). We review *de novo*, however, a district court's interpretation of a statute. *Id.*

"To facilitate judicial review of sentencing decisions and avoid unnecessary remands, sentencing judges should make explicit findings of fact and conclusions of law." *United States v. Villarino*, 930 F.2d 1527, 1528-29 (11th Cir. 1991) (quotation and alteration omitted); *see also United States v. Foley*, 508 F.3d 627, 633-34 (11th Cir. 2007) (remanding for resentencing because the district court failed to make independent factual findings in support of its loss calculation, and because it "abdicated its duty to rule on the obstruction of justice enhancement"); In some cases, however, a district court's summary rejection of an objection or an argument does not preclude meaningful appellate review because the record clearly demonstrates that the objection or argument lacked merit. *See Villarino*, 930 F.2d at 1529.

"SORNA was enacted in July 2006 to protect the public from sex offenders and offenders against children by establishing a comprehensive national system for the registration of those offenders." *United States v. Ambert*, 561 F.3d 1202, 1205 (11th Cir. 2009) (quoting 42 U.S.C. § 16901). "The requirements of SORNA apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of [SORNA]." *United States v. Dumont*, 555 F.3d 1288, 1290 (11th Cir.), *cert. denied*, 130 S.Ct. 66 (2009) (quoting 28 C.F.R. § 72.3) (alterations omitted). "SORNA defines a sex offender as an individual who was convicted of a sex offense." *Dodge*, 597 F.3d at 1350 (quoting 42 U.S.C. § 16911(1)). A sex offense, in turn, is either:

(i)     a criminal offense that has an element involving a sexual act or sexual contact with another;

(ii)    a criminal offense that is a specified offense against a minor;

(iii)   a Federal offense (including an offense prosecuted under section 1152 or 1153 of Title 18) under section 1591, or chapter 109A, or 110 (other than section 2257, 2257 A, or 2258), or 117, of Title 18;

(iv)    a military offense specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (10 U.S.C. § 951 note); or

(v)     an attempt or conspiracy to commit an offense described in clauses (i) through (iv)

7

42 U.S.C. § 16911(5)(A). A "criminal offense" is defined as, "a State, local, tribal, foreign, or military offense (to the extent specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (10 U.S.C. § 951 note)) or other criminal offense." 42 U.S.C. § 16911(6). In *Dodge*, we recognized that SORNA intended to create an expansive definition of what constitutes a registrable sex offense. 597 F.3d at 1355.

The parties agree on appeal, as they agreed below, that the Secretary of Defense has set forth the military offenses that require SORNA registration at 28 C.F.R. § 571.72(b). This regulation sets forth a list of 18 separate military offenses, including "125A (Forcible sodomy)," and "125B1/2 (Sodomy of a minor)." 28 C.F.R. § 571.72(b). The provision states that these offenses, along with the 18 other military offenses listed in the regulation, are "Defense Incident Based Reporting System (DIBRS) Code offenses under the Uniform Code of Military Justice." *Id.* The regulation does not define forcible sodomy or sodomy of a minor, nor does it indicate whether a court-martial conviction under article 125A or 125B1/2 of the DIBRS Code is the equivalent of a court-martial conviction under UCMJ Article 125 or 10 U.S.C. § 925. *See generally* 28 C.F.R. § 571.72.

Under 10 U.S.C. § 925, "Any person subject to this chapter who engages in

8

unnatural carnal copulation with another person of the same or opposite sex or with an animal is guilty of sodomy. Penetration, however slight, is sufficient to complete the offense." 10 U.S.C. § 925. UCMJ Article 125 prohibits, verbatim, this same offense. *Manual for Courts-Martial*, *United States*, Part IV, ¶ 51 (2008 ed.). The *Manual for Courts-Martial* indicates that an individual is guilty of sodomy of a minor when the victim is under the age of 16. In addition, the manual defines forcible sodomy as "unnatural carnal copulation with another person of the same or opposite sex" that is accomplished "by force and without the consent of the other person." The offense of sodomy is a lesser-included offense of forcible sodomy. *Id.*

In addition to setting forth the military offenses that require SORNA registration at 28 C.F.R. § 571.72(b), the Secretary of Defense has also set forth these offenses in the Department of Defense Instruction No. 1325.7, enclosure 27. This document notes that DIBRS code offenses 125A and 125B1/2 correspond to UCMJ Article 125. The document does not, however, indicate the extent to which an individual who is convicted under UCMJ Article 125 may also be guilty of forcible sodomy, under DIBRS code article 125A, or sodomy of a minor, under DIBRS code article 125B1/2.

Here, the district court failed to expressly address the parties' arguments

regarding whether Jones's sodomy conviction is a military offense that requires SORNA registration. Instead, the court summarily stated that it was "satisfied that [Jones] is required to register as a sex offender," and did not support this conclusion with factual findings or a legal analysis. As a result, it is impossible to discern the legal and factual basis for the court's decision to require that Jones register as a sex offender. Moreover, as explained below, the record does not conclusively demonstrate whether the court's SORNA ruling was correct.

As noted above, SORNA sets forth multiple definitions of what sort of crime constitutes a "sex offense" that triggers registration requirements. *See* 42 U.S.C. § 16911(5)(A). The three definitions that are potentially applicable here are: (1) a criminal offense that has an element involving a sexual act or sexual conduct with another; (2) a criminal offense that is a specified offense against a minor; and (3) a military offense specified by the Secretary of Defense. *See* 42 U.S.C. § 16911(5)(A)(i)-(ii), (iv). It seems unlikely that Jones's conviction implicated DIBRS code article 125B1/2, as his offense involved a 16-year-old girl, and not an individual under the age of 16. It is not clear, however, whether Jones's sodomy conviction under UCMJ Article 125, 10 U.S.C. § 925 included a finding that the sodomy was forcible, in violation of DIBRS code article 125A. Moreover, as discussed above, it is not clear whether, or under what circumstances, a conviction

10

under UCMJ Article 125 may also constitute a conviction under DIBRS code article 125A. Accordingly, it is not clear whether Jones's conviction falls under those offenses enumerated in 28 C.F.R. § 571.72 and, as a result, it is also not clear whether his offense is a "sex offense" within the meaning of § 16911(5)(A)(iv).

Jones could still qualify as a sex offender if his offense satisfied another definition set forth in § 16911(5)(A). *See* 42 U.S.C. § 16911(5)(A). The remaining relevant definitions, however, require that a qualifying offense must satisfy the definition of a "criminal offense." *See* 42 U.S.C. § 16911(5)(A)(i)-(ii). A criminal offense, in turn, is "a State, local, tribal, foreign, or military offense (to the extent specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (10 U.S.C. § 951 note)) or other criminal offense." 42 U.S.C. § 16911(6). The plain language of this SORNA provision indicates that a military offense constitutes a "criminal offense" only to the extent that it is specified by the Secretary of Defense. *See id.* This raises the same problem encountered above—in order to determine whether Jones's sodomy conviction constitutes a "criminal offense" under § 16911(6), it must be determined whether his offense was enumerated by the Secretary of Defense in 28 C.F.R. § 571.72. *See* 42 U.S.C. § 16911(6). As discussed above, it is not clear whether Jones's offense satisfies this criteria. Moreover, even though *Dodge* counsels that SORNA's definition of a

"sex offense" is broad, the language in § 16911(5)(A)(iv) and (6) appears to limit the extent to which a military offense requires registration.

Because the district court failed to articulate a factual and legal basis for its SORNA ruling, and the law, together with the facts available to us, does not conclusively establish whether the court's ruling is correct, we vacate and remand as to this issue. On remand, the district court should address and resolve the parties' arguments regarding whether Jones's sodomy conviction requires SORNA registration by making factual findings and legal conclusions on the record.

In addition, we note that Jones challenges not only the special condition of his supervised release that requires SORNA registration, but also challenges those special conditions that are targeted toward preventing future sexual misconduct (special conditions 2, 3, 4, 6, and 7). It is not clear whether the district court would have imposed these special conditions even if it had found that Jones was not required to register as a sex offender under SORNA. Accordingly, because we vacate and remand as to the SORNA issue, we also vacate and remand as to this issue.

**VACATED AND REMANDED.**