[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10802

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 5, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00282-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MATTHEW MASON DODGE,
a.k.a. flow_matt,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(March 5, 2010)**

Before DUBINA, Chief Judge, TJOFLAT, EDMONDSON, BIRCH, BLACK,
CARNES, BARKETT, HULL, MARCUS, WILSON and PRYOR, Circuit Judges.[*]

_____

[*] Judge Beverly B. Martin was appointed and became an active member of this Court
after the en banc oral argument in this case. She has elected not to participate in this decision.

WILSON, Circuit Judge:

In this appeal we interpret the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901 *et seq.*, which requires that a sex offender register in each jurisdiction in which the offender resides, works, or studies. A "sex offender" is one who has been convicted of a "sex offense." We conclude that SORNA's broad definition of "sex offense" encompasses the conduct that underlies Dodge's conviction, and we therefore affirm the judgment of the district court that requires Dodge to register.

## I.

Dodge was indicted on three counts of transferring obscene material to a minor in violation of 18 U.S.C. § 1470.[1] With no plea agreement, Dodge pleaded guilty to Count I,[2] which charged that between December 1–13, 2006, the then-thirty-three-year-old Dodge knowingly transferred obscene matter over the Internet to an individual, less than sixteen years old, who used the screen name "heyshuddp." Specifically, Dodge e-mailed someone he believed to be a thirteen-

---

[1] 18 U.S.C. § 1470 provides: "Whoever, using the mail or any facility or means of interstate or foreign commerce, knowingly transfers obscene matter to another individual who has not attained the age of 16 years, knowing that such other individual has not attained the age of 16 years, or attempts to do so, shall be fined under this title, imprisoned not more than 10 years, or both."

[2] Dodge pleaded guilty to all three counts, but at sentencing the district court dismissed Counts II and III on the government's motion.

year-old girl, but who was actually an undercover agent, pictures and links to websites containing pictures of himself fully nude and masturbating. Counts II and III charged similar offenses between October 2006 and January 2007 involving two purportedly underage girls using the screen names "hope_in_bama" and "hello_kitten." Prosecutors stated that Counts II and III also encompassed the allegation that Dodge used a web camera to broadcast to the girls live images of himself masturbating.

Dodge's pre-sentence investigation report suggested that the court impose SORNA registration as a condition of supervised release. Dodge objected, arguing that he was not a "sex offender" because his offense was not a "sex offense" as defined by 42 U.S.C. § 16911(5)(A) and -(7). Overruling Dodge's objection at sentencing, the district court found that the statute's expanded definition of "sex offense" encompassed Dodge's conduct underlying the conviction. Specifically, the court stated that Dodge's "sitting in front of a computer with a camera pointed at [his] private parts," while thinking he was talking to a thirteen-year-old girl, must be a "sex offense against a minor" as contemplated by SORNA. (R. at 89.) Accordingly, the court sentenced Dodge to eighteen months of imprisonment followed by a three-year supervised release term, and imposed sex offender registration as a condition of release. Dodge appeals only the portion of his

3

sentence requiring him to register as a Tier I sex offender under SORNA.

"We review the district court's imposition of a special condition of supervised release for abuse of discretion, so long as the objection was preserved for appeal." *United States v. Taylor*, 338 F.3d 1280, 1283 (11th Cir. 2003) (per curiam). We review a district court's interpretation of a statute *de novo*. *United States v. Prosperi*, 201 F.3d 1335, 1342 (11th Cir. 2000). A district court abuses its discretion if it applies the incorrect legal standard. *Koon v. United States*, 518 U.S. 81, 100, 116 S. Ct. 2035, 2047 (1996), *superseded by statute on other grounds as recognized in United States v. Mandhai*, 375 F.3d 1243, 1249 (11th Cir. 2004).

## II.

The Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587 ("Walsh Act") was enacted on July 27, 2006. Title I of the Act, SORNA, 42 U.S.C. §§ 16901–16962, establishes a national sex offender registry law, the purpose of which is "to protect the public from sex offenders and offenders against children." *Id.* § 16901. SORNA defines a "sex offender" as an "individual who was convicted of a sex offense." *Id.* § 16911(1). Apart from exceptions not applicable here, "sex offense," in turn, is either:

> (i) a criminal offense that has an element involving a sexual act or sexual contact with another;

4

(ii) a criminal offense that is a specified offense against a minor;
(iii) a Federal offense (including an offense prosecuted under section 1152 or 1153 of Title 18) under section 1591, or chapter 109A, 110 (other than section 2257, 2257A, or 2258), or 117, of Title 18;
(iv) a military offense specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (10 U.S.C. 951 note); or
(v) an attempt or conspiracy to commit an offense described in clauses (i) through (iv).

*Id.* § 16911(5)(A). The parties agree that only subsection (ii) could provide a basis to require Dodge to register as a sex offender under SORNA, i.e. only because he was convicted of "a criminal offense that is a specified offense against a minor." *Id.* Neither the list of federal offenses in (iii) nor any other subpart of subsection (5)(A) encompasses a violation of 18 U.S.C. § 1470, the charge to which Dodge pleaded guilty.

The question before us is whether Dodge's conviction under 18 U.S.C. § 1470 for knowingly transferring obscene material to a person less than sixteen years old makes him a "sex offender" subject to SORNA's registration requirement. This issue is one of first impression. Our analysis proceeds in two parts, and is guided by the applicable provision at 42 U.S.C. § 16911(5)(A)(ii), "a criminal offense that is a specified offense against a minor." First, we will consider whether a violation of 18 U.S.C. § 1470 is "a criminal offense" as defined by SORNA. Second, we will decide whether Dodge's particular conviction for

5

knowingly attempting to transfer obscene material to a minor was "a specified offense against a minor."  We conclude that because Dodge's conviction was a "specified offense against a minor," Dodge committed a "sex offense" and is therefore a "sex offender" for SORNA purposes, subject to its registration requirement.

A.

A conviction under 18 U.S.C. § 1470 requires proof that the defendant knowingly transferred or attempted to transfer obscene matter to an individual who has not attained the age of sixteen, with the knowledge that the individual has not attained the age of sixteen.  As discussed, Dodge qualifies as a "sex offender" under SORNA if he was convicted of "a criminal offense that is a specified offense against a minor."  42 U.S.C. § 16911(5)(A)(ii).  SORNA's subsequent subsections 16911(6) and -(7),[3] respectively, define the phrases "criminal offense" and

_____

[3] The full text of § 16911(6)–(7) reads as follows:

**(6) Criminal offense**  The term "criminal offense" means a State, local, tribal, foreign, or military offense (to the extent specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (10 U.S.C. 951 note)) or other criminal offense.

**(7) Expansion of definition of "specified offense against a minor" to include all offenses by child predators**  The term "specified offense against a minor" means an offense against a minor that involves any of the following:
    **(A)** An offense (unless committed by a parent or guardian) involving kidnapping.
    **(B)** An offense (unless committed by a parent or guardian) involving false imprisonment.
    **(C)** Solicitation to engage in sexual conduct.

"specified offense against a minor."  Section 16911(6) defines a "criminal offense" as a "[s]tate, local, tribal, foreign, . . . military, . . . *or other criminal offense.*"  *Id.* § 16911(6) (emphasis added).  Section 16911(7) expands the definition of "specified offense against a minor" to include an offense against a minor that "*involves any* of the following," including "[c]riminal sexual conduct involving a minor, or the use of the Internet to facilitate or attempt such conduct," and "[a]ny conduct that *by its nature* is a sex offense against a minor."  *Id.* § 16911(7)(H)–(I) (emphases added).

According to Dodge, a finding that the "other criminal offense" category of § 16911(6) includes a § 1470 violation would have the effect of making surplusage out of the "[s]tate, local, tribal, foreign, or military offense" language of § 16911(6), as well as the list of federal offenses at § 16911(5)(A)(iii).[4]  Therefore,

---

**(D)** Use in a sexual performance.
**(E)** Solicitation to practice prostitution.
**(F)** Video voyeurism as described in section 1801 of Title 18.
**(G)** Possession, production, or distribution of child pornography.
**(H)** Criminal sexual conduct involving a minor, or the use of the Internet to facilitate or attempt such conduct.
**(I)** Any conduct that by its nature is a sex offense against a minor.

42 U.S.C. § 16911(6)–(7).

[4] Accepting this conclusion raises a separate problem: if the "other criminal offense" language of § 16911(6) cannot include an offense proscribed by the federal government, then which sovereign could qualify to supply one?  The list of "[s]tate, local, tribal, foreign, or military" sources of law seems all-encompassing.  Dodge maintains that this phrase would still capture offenses committed in the District of Columbia, the Commonwealth of Puerto Rico, Guam, American Samoa, the Northern Marinara Islands, and the U.S. Virgin Islands.  However, SORNA's listing of these jurisdictions at § 16911(10) arguably refers to the jurisdictions required to maintain a registry pursuant to § 16912(a).

Dodge contends, the exclusion of 18 U.S.C. § 1470 from the enumerated list of federal offenses in subsection (5)(A)(iii) must categorically exclude a violation of 18 U.S.C. § 1470 from SORNA's entire definition of "sex offense." We disagree.

To determine the meaning of a statute, we look first to the text of the statute itself. *United States v. Silva*, 443 F.3d 795, 797–98 (11th Cir. 2006) (per curiam). If the statutory text is unambiguous, the statute should be enforced as written, and no need exists for further inquiry. *Id.* at 798. "[W]e should not interpret a statute in a manner inconsistent with the plain language of the statute, unless doing so would lead to an absurd result." *Id.* If language is ambiguous, legislative history can be helpful to determine congressional intent. *See Shotz v. City of Plantation*, 344 F.3d 1161, 1167 (11th Cir. 2003). "Statutory construction . . . is a holistic endeavor," and we cannot read a single word or provision of the statute in isolation. *Smith v. United States*, 508 U.S. 223, 233, 113 S. Ct. 2050, 2056 (1993) (internal quotation marks omitted); *see also Silva*, 443 F.3d at 798.

Dodge's reading of the definition of sex offense in SORNA is unduly narrow. Taken as a whole, the statute does not suggest an intent to exclude certain offenses but rather to expand the scope of offenses that meet the statutory criteria.[5]

---

[5] The § 16911(5)(A) definition of "sex offense" is limited only by subsections 16911(5)(B)–(C), which apply to foreign convictions and consensual acts. In contrast, the statute subsection titles refer twice to the "expansion" of definitions. *See* 42 U.S.C. § 16911(5), -(7).

Nothing in the plain language of the statute suggests that the "other criminal offense" provision of 42 U.S.C. § 16911(6) cannot encompass federal offenses not specifically enumerated in § 16911(5)(A)(iii). Further support for this conclusion appears in the way Congress classifies crimes against minors, as seen in other parts of the criminal code. Dodge's conviction statute, 18 U.S.C. § 1470, is an "obscenity statute" included in Chapter 71, "Obscenity," of Title 18. While Congress does not include Chapter 71 in SORNA's list of federal offenses at 42 U.S.C. § 16911(5)(A)(iii), in the sentencing statute 18 U.S.C. § 3553(b)(2), Congress does include Chapter 71 under the designation "Child crimes and sexual offenses," which largely tracks SORNA's list of federal offenses. To exclude entirely the obscenity statutes from SORNA's reach would be inconsistent with the broad purpose and scope of SORNA, as well as the sentencing statutes.

Most importantly, the expansive language of 42 U.S.C. § 16911(7) suggests that Congress did not intend § 16911(5)(A)(iii) to constitute an exclusive list of federal crimes requiring SORNA registration. Notably, § 16911(7) includes as a "specified offense against a minor" video voyeurism as described in 18 U.S.C. § 1801. If Congress intended that 42 U.S.C. § 16911(5)(A)(iii) represent a closed universe of federal crimes requiring SORNA registration, Congress would not have listed another specific federal crime in defining "specified offense against a

9

minor."  Indeed, the "expansive phrasing" of 42 U.S.C. § 16911(5)(A)(ii) and -(7) "points directly away from the sort of exclusive specification" that Dodge would read into § 16911(5)(A)(iii) and -(6).  *James v. United States*, 550 U.S. 192, 198, 127 S. Ct. 1586, 1592 (2007) (internal quotation marks omitted) (construing whether attempted burglary, as defined by Florida law, is a "violent felony" under a residual provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e)).  Nothing in the plain language of 42 U.S.C. § 16911(5)(A)(iii), when read together with the rest of the statute, prohibits an unenumerated federal offense such as 18 U.S.C. § 1470 from qualifying as a "specified offense against a minor."[6]  Therefore, Dodge's invocation of the canon of *expressio unius est exclusio alterius* fails to sway us.  The statute's legislative history also supports our conclusion.

## B.

Next, we consider whether a violation of 18 U.S.C. § 1470 is "a specified offense against a minor."  The answer depends on whether SORNA requires a "categorical" approach that restricts our analysis to the elements of the crime, or whether SORNA permits examination of "'the particular facts disclosed by the

---

[6] In its recent analysis of SORNA, the Ninth Circuit did not discuss the exclusivity of 42 U.S.C. § 16911(5)(A)(iii) and -(6); nor does it appear that the issue was raised.  Yet it is clear that the statute under which the defendant was charged was not enumerated in subsection (5)(A)(iii)'s list of federal offenses.  *See United States v. Byun*, 539 F.3d 982, 986 (9th Cir.) (concluding that the defendant's conviction under 8 U.S.C. § 1328 was a "specified offense against a minor" and therefore constituted a sex offense requiring registration), *cert. denied*, 129 S. Ct. 771 (2008).

10

record of conviction.'" *James*, 550 U.S. at 202, 127 S. Ct. at 1594. *Compare id.* at 202, 127 S. Ct. at 1593–94 (applying a categorical approach to an offense under the Armed Career Criminal Act), *with United States v. Byun*, 539 F.3d 982, 992 (9th Cir.) (applying a noncategorical approach to SORNA with respect to the victim's age), *cert. denied*, 129 S. Ct. 771 (2008). We generally apply a categorical or modified categorical approach to statutory construction in the context of immigration law or the enhancement of criminal sentences. *See, e.g.*, *Shepard v. United States*, 544 U.S. 13, 17, 125 S. Ct. 1254, 1258 (2005); *Vuksanovic v. U.S. Att'y Gen.*, 439 F.3d 1308, 1311 (11th Cir. 2006) (per curiam).

If we apply a categorical approach here, we consider whether the elements of 18 U.S.C. § 1470 are the type that would justify its inclusion as a specified offense against a minor "without inquiring into the specific conduct of this particular offender." *James*, 550 U.S. at 202, 127 S. Ct. at 1594. Dodge argues that 18 U.S.C. § 1470 captures conduct that is not "criminal sexual conduct" under either a common sense understanding of the term or the explicit terms of SORNA, but we find no authority that compels a categorical approach here.

Moreover, the Ninth Circuit recently applied a noncategorical approach to SORNA's definitions at 42 U.S.C. § 16911(5)(A)(ii) and -(7), in determining whether a minor victim's age triggered the SORNA registration requirement.

11

*Byun*, 539 F.3d at 992.  Although *Byun* involved a different underlying conviction statute, the Ninth Circuit's reasoning is persuasive and instructive for our construction of SORNA.

In *Byun*, the Ninth Circuit affirmed the district court's imposition of sex offender registration as a condition of release on the defendant Byun, who pleaded guilty to three counts of alien smuggling in violation of 8 U.S.C. §§ 1324 and 1328.  *Id.* at 983.  Byun and her husband owned and operated a Guam night club in which Byun maintained two rooms for female employees to engage in sexual acts with the club's clients.  Although Byun admitted in her plea agreement that she induced a seventeen-year-old Korean girl to come to Guam for prostitution, Byun did not plead guilty to transporting a minor for purposes of prostitution.  After Congress passed the Walsh Act during Byun's supervised release term, her probation officer determined that she was required to register as a Tier II sex offender.  Byun registered, but moved the district court to vacate the determination because she had "'never been convicted of a sex offense.'"  *Id.* at 984.  After the district court denied Byun's motion and she appealed, the Ninth Circuit had to determine whether Byun's conviction under 8 U.S.C. § 1328 for importation of an alien for purposes of prostitution made her a "sex offender" under SORNA.  Because Byun's conviction statute did not include the victim's age as an element,

12

this analysis required that the court decide whether the underlying facts of Byun's conduct could be considered in determining whether she was a "sex offender."

Importantly, the Ninth Circuit concluded that SORNA preferred a noncategorical approach with regard to the age of the victim, when analyzing a "specified offense against a minor." *Id.* at 992. In doing so, the court contrasted the language of § 16911(5)(A)(i), which requires a sex offense to have "an element involving a sexual act or sexual contact with another," with the language of § 16911(5)(A)(ii), in which the definition of "specified offense against a minor" contains *no* reference to the crime's elements. Most critically, one statutory definition of "specified offense against a minor" is "[a]ny *conduct* that by its nature is a sex offense against a minor." 42 U.S.C. § 16911(7)(I) (emphasis added). Thus, the court concluded that for SORNA purposes, it is the underlying conduct that matters and not the elements of the conviction statute. Although the court noted the "modicum of ambiguity" SORNA creates through its use of the word "convicted" in its first definition at § 16911(1), instead of a reference to "conduct," the court determined that the "best reading of the statutory structure and language is that Congress contemplated a non-categorical approach as to the age of the victim in determining whether a particular conviction is for a 'specified offense against a minor.'" 539 F.3d at 992. The court also noted that SORNA's legislative

13

history "fully support[ed] this conclusion."[7] *Id.*

Although the Ninth Circuit focused only on the age of the victim, its approach supports our conclusion that SORNA permits examination of the defendant's underlying conduct—and not just the elements of the conviction statute—in determining what constitutes a "specified offense against a minor." First, the definition of "specified offense against a minor" at § 16911(7) contains no reference to an "element" of a crime. The title of § 16911(7), "Expansion of definition of 'specified offense against a minor' to include all offenses by child predators," refers to "offenses" rather than "convictions." Moreover, § 16911(7) uses the general terms "include," "involves," "involving," and "by its nature." The list of specified offenses includes one that could not be any broader—"[a]*ny conduct that by its nature* is a sex offense against a minor." 42 U.S.C. § 16911(7)(I) (emphasis added). All signs point to only one reasonable conclusion—that we may look beyond Dodge's conviction statute to the underlying facts of his offense to determine whether his offense qualifies as a "sex offense against a minor."

The transcript of Dodge's plea colloquy[8] recounts the facts underlying his

---

[7] The *Byun* court however was careful to note that it drew "no conclusion as to whether a non-categorical approach is permitted with regard to any facts other than the age of the victim." 539 F.3d at 994 n.15.

[8] Unlike Dodge, the defendant in *Byun* executed a plea agreement.

conviction. Dodge transmitted nude photos of himself, including some of him masturbating, to a girl he thought was thirteen years old. In our view, a thirty-three-year-old man using the Internet to send obscene photographs to a thirteen-year-old girl clearly constitutes "criminal sexual conduct involving a minor" or "conduct that by its nature is a sex offense against a minor."[9] Thus, the noncategorical approach requires the classification of Dodge's crime as a "sex offense" under SORNA. Moreover, we reject the argument that the phrase "against a minor" requires contact with or opposition by the minor. The language of the statute imposes no such requirement. And as the Ninth Circuit noted, hardly any of the listed "specified offense[s] against a minor" require that a person engage in a sexual act. *Byun*, 539 F.3d at 987 n.8. In our view, the word "against" in the phrase "against a minor" simply means the conduct as applied to the age of the victim (i.e., "against a minor" as opposed to "against an adult"). The inquiry goes no further than determining whether the victim was a minor. Here, because no question exists that Dodge believed the victim was a minor, the word "against" is a non-issue. Rather, the issue is whether Dodge's conduct was a "sex offense."

---

[9] Indeed, 18 U.S.C. § 2252B(b), which criminalizes the act of using misleading domain names on the Internet with the intent to deceive a minor into viewing harmful material (and which, notably, is one of the enumerated "federal offenses" that constitutes a sex offense under SORNA), defines "harmful material" in part as any communication consisting of sex. 18 U.S.C. § 2252B(d). In turn, the definition of "sex" includes masturbation or "the condition of human male . . . genitals when in a state of sexual stimulation or arousal." *Id.* § 2252B(e).

15

In passing SORNA, Congress left courts with broad discretion to determine what conduct is "by its nature" a sex offense. Indeed, Congress's stated purpose was to capture a wider range of conduct in its definition of a "sex offense," and specifically *all offenses*—not just convictions—of child predators. The language of SORNA discloses that in some situations a sexual act might not even be the prerequisite to a registerable "sex offense." The key is conduct that contains a "sexual component" toward a minor. Our review of the language of SORNA confirms our conclusion that Congress cast a wide net to ensnare as many offenses against children as possible. Here, Dodge's conduct evinced his intent that a thirteen-year-old girl view him in a sexual state. District judges do not need a statute to spell out every instance of conduct that is a sexual offense against a minor. They are capable of examining the underlying conduct of an offense and determining whether a defendant has engaged in conduct that "by its nature is a sex offense against a minor."

Moreover, there is little difference between Dodge's conduct as charged under 18 U.S.C. § 1470 and conduct that would undoubtedly be registerable under 18 U.S.C. § 2252B(b), which criminalizes the use of a "misleading domain name on the Internet with the intent to deceive a minor into viewing material that is harmful to minors." In that statute, which is enumerated under Chapter 110 in 42

16

U.S.C. § 16911(5)(A)(iii) as one of the "federal" offenses constituting a sex offense, "material that is harmful to minors" is defined as depictions of acts of masturbation or the condition of the male genitalia in a state of arousal—exactly the images that Dodge presented here. Notably, 18 U.S.C. § 2252B(b) requires no sexual act, no assault, no offense, and no violation that opposes a minor's rights. So had Dodge sought to deceive the thirteen-year-old into viewing the images, SORNA clearly would have compelled his registration. It would be a bizarre result not to compel his registration simply because he is a truthful predator.

In *Byun*, the defendant's underlying conviction did not correspond neatly to any listed "specified offense against a minor." But as the Ninth Circuit explained, the "specified offense against a minor" includes a catchall category—"any conduct that by its nature is a sex offense against a minor." *Byun*, 539 F.3d at 988. The court concluded that Byun's conduct "likely [fell] within this category" because (1) Byun's offense had a "strong similarity" to at least one of SORNA's listed offenses, and (2) Byun's offense appeared to be a "Tier II" offense, which would imply that an individual must be a sex offender before she can be a "Tier II" sex offender. *Id.* at 988–89. Similarly, Dodge's conduct parallels the undoubtedly registerable offense conduct proscribed by 18 U.S.C. § 2252B(b), which does not require that a person invade the private space of a minor,

17

or engage in a sexual act, unwanted sexual assault or offense, or other violation that contacts or opposes a minor's rights. As a common sense matter, deceiving a minor into viewing obscene pictures is no different from what Dodge did. Dodge's conduct is also strikingly similar to "[c]riminal sexual conduct involving a minor, or the use of the Internet to facilitate or attempt such conduct." 42 U.S.C. § 16911(7)(H). The catchall "specified offense against a minor" category clearly includes conduct like Dodge's.

## III.

For the foregoing reasons, we hold that courts may employ a noncategorical approach to examine the underlying facts of a defendant's offense, to determine whether a defendant has committed a "specified offense against a minor" and is thus a "sex offender" subject to SORNA's registration requirement. Dodge's plea revealed that he engaged in conduct that "by its nature is a sex offense against a minor." Therefore, we conclude that he is a sex offender under SORNA and that the district court did not abuse its discretion in requiring him to register as one. The judgment of the district court is **AFFIRMED.**

18

BARKETT, Circuit Judge, concurs in the result.