FILED

JUN 28 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER CORTLAND KENT,

Defendant - Appellant.

No. 10-30154

D.C. No. 3:09-cr-05597-RJB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted May 5, 2011
Seattle, Washington

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

Christopher Kent was sentenced and put on supervised release after pleading

guilty to possession of a destructive device and possession of lewd and lascivious

materials, in violation of 26 U.S.C. § 5861(d) and 18 U.S.C. § 1462, respectively.

He then violated his supervised release conditions, and the district court imposed

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

an additional special supervised release condition requiring Kent to register pursuant to the Sexual Offender Registration and Notification Act ("SORNA"). Kent challenges the imposition of the SORNA condition. We affirm.

SORNA mandates registration for "sex offenders and offenders against children." 42 U.S.C. § 16901. Under SORNA, a "sex offender" is "an individual who was convicted of a sex offense." *Id.* at § 16911(1). A "sex offense," in turn, includes:

> (i) a criminal offense that has an element involving a sexual act or sexual contact with another; [or]
> (ii) a criminal offense that is a specified offense against a minor . . .

§ 16911(5)(A). "[S]pecified offense against a minor" is then defined in a separate subpart to cover "an[y] offense against a minor that involves . . . [a]ny conduct that by its nature is a sex offense against a minor." § 16911(7)(I).

Here, the threshold dispute is whether Kent's conviction for possession of lewd and lascivious materials falls into the catchall category of "conduct that by its nature is a sex offense against a minor." We determine that Kent's conviction for possession of lewd and lascivious materials, on the basis of the underlying record in this case, was a sex offense against a minor and therefore the district court properly required his registration under SORNA. Our caselaw defines lascivious as covering an offense that has a sexual component. *See United States v. Banks*,

556 F.3d 967, 980 (9th Cir. 2009) (explaining that the "definition of lascivious . . . criminalizes images so presented by the photographer as to arouse or satisfy the sexual cravings of a voyeur") (internal quotation marks omitted); *United States v. Wiegand*, 812 F.2d 1239, 1244 (9th Cir. 1987) ("[A]pplied to the conduct of children, lasciviousness is not a characteristic of the child photographed but of the exhibition which the photographer sets up for an audience that consists of himself or likeminded pedophiles."); *see also United States v. Hill*, 459 F.3d 966, 972 (9th Cir. 2006) (discussing the definition of lascivious images).

Here, the facts in the record show that Kent's sex offense was against minors. The Ninth Circuit takes a "non-categorical" approach to determining the age of the victim and examines the underlying facts of an offense, rather than just the elements of the crime of conviction, when determining whether the offense involved "conduct that by its nature is a sex offense against a minor." *United States v. Byun*, 539 F.3d 982, 992 (9th Cir. 2008). At the sentencing hearing, Kent agreed that the lewd and lascivious photos depicted "very young girls in sexually provocative poses." This and other evidence, such as a graphic letter found on Kent's computer and Kent's acceptance of responsibility for "explicit images of young girls," showed that he harbored disturbing views on young girls, sex and violence. The evidence is sufficient to establish that Kent's crime was a sex

3

offense against minors. *See United States v. Dodge*, 597 F.3d 1347, 1355 (11th Cir. 2010) ("Congress left courts with broad discretion to determine what conduct is 'by its nature' a sex offense . . . . The key is conduct that contains a 'sexual component' toward a minor.").

**AFFIRMED**.