[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15536
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-20560-JJO-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDGAR RANDOLPH SCOTT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 25, 2012)

Before EDMONDSON, CARNES and HULL, Circuit Judges.

PER CURIAM:

Edgar Scott appeals his conviction under the Assimilative Crimes Act, 18

U.S.C. § 13, for attempt to commit an "unnatural and lascivious act with another person" in violation of Fla. Stat. Ann. § 800.02. Scott argues that the evidence was insufficient to support his conviction because his act of masturbating while sitting beside another person does not satisfy the "with another person" requirement of the statute.

## I.

In a one-count information, the government charged Scott with "knowingly attempt[ing] to commit an unnatural and lascivious act with another person, that is, masturbating while attempting to touch another person . . . ." Scott pleaded not guilty and the parties consented to a bench trial before a magistrate judge. At trial, the government called Lauren Wyscaver as its only witness. She testified that she was sitting in a chair in the waiting room of Miami Veterans Affairs Hospital when Scott approached her and asked if he could sit in the chair next to her. She agreed, and the two began talking about their respective military service, why they were at the hospital, and the weather. There were four or five other people in the waiting room, which had approximately 20 chairs.

According to Wyscaver, within the first few minutes of their conversation, Scott "tried to touch [her] ankle, but [she] pulled away." Wyscaver became uncomfortable and started to ignore Scott, but he continued talking to her. Scott

told Wyscaver that he thought she was pretty and offered to pay her to give him her phone number. Wyscaver testified that Scott then, as "nonchalantly as you can do it," reached down into his pants and started masturbating. "Once he did that," she said, "I sat up and I walked into the nurse's triage room because I was frightened." Wyscaver eventually reported Scott's conduct to a security guard.

Based on that evidence, the magistrate judge concluded that Scott had attempted to "masturbat[e] or fondl[e] himself with another person who is" Wyscaver. For that reason, the magistrate judge ruled that Scott had violated the Assimilative Crimes Act by attempting to commit an "unnatural and lascivious act with another person" in violation of Fla. Stat. Ann. § 800.02. The magistrate judge sentenced Scott to 68 days in prison, followed by one year of probation. The district court affirmed his conviction and sentence, and Scott now appeals only his conviction.

## II.

We review de novo a district court's interpretation of a statute. United States v. Dodge, 597 F.3d 1347, 1350 (11th Cir. 2010) (en banc). We also review de novo a challenge to the sufficiency of the evidence, and will affirm the conviction if a reasonable factfinder could have found that the evidence

established the defendant's guilt beyond a reasonable doubt when viewing the evidence in the light most favorable to the verdict. United States v. Gamory, 635 F.3d 480, 497 (11th Cir. 2011).

The Assimilative Crimes Act provides that

> Whoever within or upon [federal property] . . . is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

18 U.S.C. § 13(a). The parties stipulated that the Miami Veterans Affairs Hospital is federal property located within the state of Florida, so the ACA assimilates Florida criminal law. Thus, for the purposes of this case, "[a] person who commits any unnatural and lascivious act with another person" commits a federal crime. Fla. Stat. Ann. § 800.02. When interpreting that statutory language, "we must look to the Florida jurisprudence to learn what conduct is punishable under the offense denounced by the statute." United States v. Frazier, 444 F.2d 235, 238 (5th Cir. 1971).[1]

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Scott does not dispute that he committed "an unnatural and lascivious act," so the issue in this case is whether the evidence sufficiently shows that Scott attempted to commit that act "with another person" within the meaning of the statute. On that issue, we are guided by the Florida Fourth District Court of Appeal opinion in Conforti v. State, 800 So. 2d 350 (Fla. 4th DCA 2001). There, a defendant walked up to an undercover police officer and asked the officer what he liked to do. Id. at 350. The officer responded "anything." Id. The defendant "then sat in his vehicle . . . pulled his shorts down, and began to masturbate. After watching for about twenty-five seconds while standing beside the car, the officer pulled out his badge and placed [the defendant] under arrest." Id.

The Conforti court held that the defendant had not violated section 800.02 because it "cannot be said that [the defendant's] masturbation was committed by a person with 'another person.'" Id. at 351. The defendant simply "sat in his car and performed the solitary act of masturbation while the officer stood outside and looked on." Id.

Even though Scott was charged with attempting to commit an unnatural and lascivious act and the defendant in Conforti was charged with the completed act, the reasoning of that case applies here. Scott sat in the waiting room of the

5

hospital and performed a "solitary act of masturbation" in the presence of Wyscaver and others in the area. There is no evidence in the record indicating that Scott ever attempted to touch Wyscaver or any other person while he was masturbating. Indeed, when Wyscaver was asked whether Scott had attempted to touch her while he was masturbating, she did not testify that he did:

> Q. Ms. Wyscaver, was [Scott] looking at you while he had his hand in his shorts?
> A. Yes.
> Q. Was he attempting to get closer to you and touch you?
> A. At that time I was trying not to look at him and I was trying to give the impression that I didn't want to talk to him at all anymore. I don't know if he was trying to get closer to me at the time that he was doing it. I don't know.

According to Wyscaver, the only time Scott tried to touch her was "[w]ithin the first couple of minutes" of their conversation when he reached for her ankle. Scott made that attempt before he put his hand down his pants.

The government argues that Scott was masturbating "with" Wyscaver because "he was sexually attracted to her" and because he stared at her while masturbating. But the "with another person" element of section 800.02 is not satisfied simply because a defendant is sexually aroused or erotically inspired by another person. If mere arousal or inspiration were enough, Conforti would have come out the other way. Nor does the fact that a defendant stares at another

6

person while committing an act mean that the defendant committed that act with another person.

Even viewing the evidence in the light most favorable to the verdict, there is insufficient evidence to support the conclusion that Scott "knowingly attempt[ed] to commit an unnatural and lascivious act with another person, that is, masturbating while attempting to touch another person," which is what the information alleged. A reasonable factfinder could not have found that Scott was masturbating "with another person" within the meaning of section 800.02.

The judgement of the district court is **REVERSED**, the conviction is **VACATED**, and the case is **REMANDED** for entry of a judgment of acquittal.