[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10922
Non-Argument Calendar
_____

D.C. Docket No. 1:04-cr-20203-DMM-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LORENZA E. FLINT,
a.k.a. Lo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 24, 2015)

Before TJOFLAT, HULL and ROSENBAUM, Circuit Judges.

PER CURIAM:

In 2005, Lorenza Flint was sentenced to 120 months' imprisonment, to be followed by 60 months' supervised release, for conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1).  Flint was discharged from prison in January 2013, and placed on supervised release.  In October 2013, Flint was arrested in Palm Beach County, Florida, charged with sexual battery, and detained.  On November 3, 2014, he pled guilty to that charge and received one year's imprisonment.  Shortly thereafter, a warrant for his arrest issued for violating the conditions of supervised release.  On February 17, 2015, following a revocation hearing, the District Court revoked Flint's supervised release and sentenced him to nine months' imprisonment, to be followed by 48 months' supervised release.  To meet the conditions of his supervised release, Flint had to comply with the requirements of the Sexual Offender Registration and Notification Act ("SORNA") and participate in a sex-offender program.  Flint appeals the District Court's judgment, arguing that the court abused its discretion in imposing those conditions.

We review the decision to revoke supervised release for abuse of discretion. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  We review any sentence imposed after a revocation of supervised release for reasonableness, *id.*, and the imposition of a special condition for abuse of discretion.  *United States v. Dodge*, 597 F.3d 1347, 1350 (11th Cir. 2010) (en banc).

2

Upon finding that the defendant violated a condition of his supervised release, a district court may revoke that supervised release and impose a term of imprisonment. 18 U.S.C. § 3583(e)(3). The court may also "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." *Id*. § 3583(e)(2). In determining an appropriate sentence upon revocation of supervised release, the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a), including the nature and characteristics of the offense and the defendant, the need to deter future criminal acts, the need to protect the public, the need to provide the defendant with medical care or other correctional treatment, the applicable Guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id*. §§ 3553(a)(1), (2)(B)-(D), (a)(4)-(7), and 3583(e)(3). The court has broad discretion to determine the weight due any particular sentencing factor. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). A district court can abuse its discretion, however, if it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc)).

3

In July 2006, Congress enacted SORNA "'to protect the public from sex offenders and offenders against children' by establishing 'a comprehensive national system for the registration of those offenders.'" *See United States v. Ambert*, 561 F.3d 1202, 1205 (11th Cir. 2009) (quoting 42 U.S.C. § 16901). Given the seriousness of the problem it was designed to address, SORNA extends to "all sex offenders" and applies retroactively to qualifying offenses committed before 2006. *See* 28 C.F.R. § 72.3 ("The requirements of SORNA apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of [SORNA]."). For purposes of SORNA, a "sex offender" is defined as an "individual who was convicted of a sex offense." 42 U.S.C. § 16911(1). A "sex offense" includes any criminal offense—defined as a state, local, tribal, foreign, or military offense—that has an element involving a sexual act or sexual contact with another. 42 U.S.C. § 16911(5)(A)(i), (6).

When tailoring sentences, district courts are required to "order, as an explicit condition of supervised release for a person required to register under [SORNA], that the person comply with the requirements of that Act." 18 U.S.C. § 3583(d). A court may also impose additional conditions so long as those conditions are reasonably related to the relevant § 3553(a) sentencing factors, involve no greater deprivation of liberty than is necessary, and are consistent with any pertinent policy statements issued by the Sentencing Commission. *Id*. § 3583(d)(1)-(3).

4

We find no abuse of discretion here.  Flint's compliance with SORNA as a condition of supervised release was statutorily mandated because of a prior rape conviction.  *See* 18 U.S.C. § 3583(d); 42 U.S.C. § 16911(5)(A)(i), (6); *see also* 28 C.F.R. § 72.3.  That conviction combined with the recent sexual-battery charges against Flint supported the court's determination that he should participate in a sex-offender program.  Moreover, the conditions imposed by the court were not unreasonable, as the court complied with statutory requirements, considered the relevant § 3553(a) sentencing factors, and articulated its reasons for the imposing the conditions.  *See* 18 U.S.C. § 3553(a)(1), (2)(B)-(D).

AFFIRMED.