**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4563**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

CHRISTOPHER JAMES MIXELL,

    Defendant - Appellant.


Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Norman K. Moon, Senior District Judge.  (3:17-cr-00016-NKM-1)


Argued:  February 18, 2020        Decided:  April 1, 2020


Before GREGORY, Chief Judge, and AGEE and KEENAN, Circuit Judges.


Affirmed by unpublished per curiam opinion.


**ARGUED:**  Astrid Stuth Cevallos, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Charlottesville, Virginia, for Appellant.  Jean Barrett Hudson, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.  **ON BRIEF:**  Frederick T. Heblich, Jr., Interim Federal Public Defender, Lisa Marie Lorish, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant.  Thomas T. Cullen, United States Attorney, Roanoke, Virginia, Jennifer R. Bockhorst, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Mixell entered a conditional guilty plea to failing to register as a sex offender as required by the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250. The district court sentenced Mixell to a term of 31 months' imprisonment and five years of supervised release. As permitted by his conditional guilty plea, Mixell advances two primary arguments on appeal related to the district court's denial of his two motions to dismiss the indictment. Mixell contends that: (1) his underlying Oregon offense of "encouraging child sexual abuse in the second degree" did not qualify as a "sex offense" under SORNA and, thus, he was not required to register; and (2) SORNA's registration requirements as applied to him, a homeless or transient individual, constitute cruel and unusual punishment under the Eighth Amendment. Additionally, Mixell contends that the district court imposed an unlawful condition of supervised release, namely, requiring that he participate for five years in a program monitoring his computer and Internet use. We disagree with Mixell's arguments, and we affirm his conviction and sentence.

I.

A.

We first address Mixell's argument that the district court erred in denying his motion to dismiss the indictment because his Oregon offense did not qualify as a "sex offense" for purposes of activating the registration requirements of SORNA. We review this question of law de novo. *See United States v. Span*, 789 F.3d 320, 325 (4th Cir. 2015).

3

Under SORNA, sex offenders must register, and maintain a current registration, in each jurisdiction where they reside, work, or attend school. 34 U.S.C. § 20913(a). Sex offenders also must update their registration when they change residences, *id.* § 20913(c), and face criminal penalties if they "knowingly fail[] to register or update a registration," 18 U.S.C. § 2250(a)(3).

A "sex offender" is "an individual who was convicted of a sex offense." 34 U.S.C. § 20911(1). As relevant here, a "sex offense" is "a criminal offense that is a specified offense against a minor." *Id.* § 20911(5)(A)(ii). SORNA further defines a "specified offense against a minor" as

> an offense against a minor that *involves* any of the following:
>
> (A) An offense (unless committed by a parent or guardian) involving kidnapping.
> (B) An offense (unless committed by a parent or guardian) involving false imprisonment.
> (C) Solicitation to engage in sexual conduct.
> (D) Use in a sexual performance.
> (E) Solicitation to practice prostitution.
> (F) Video voyeurism as described in section 1801 of title 18.
> (G) Possession, production, or distribution of child pornography.
> (H) Criminal sexual conduct involving a minor, or the use of the Internet to facilitate or attempt such conduct.
> (I) Any conduct that by its nature is a sex offense against a minor.

*Id.* § 20911(7) (emphasis added).

The district court concluded that Mixell's underlying Oregon conviction qualified as a "specified offense against a minor" under subsections (G), (H), and (I). We conclude that Mixell's offense qualifies under subsection (I), known as the SORNA residual clause, because his Oregon criminal conviction "involve[d]" "conduct that by its nature is a sex

4

offense against a minor." *Id.* § 20911(7)(I).  Therefore, we need not, and do not, address whether subsections (G) and (H) also are applicable.

In 2010, Mixell pleaded guilty to, and was convicted of, "encouraging child sexual abuse in the second degree" in violation of Oregon Revised Statute § 163.686.  The Oregon charging information accused Mixell of possessing "a motion picture of sexually explicit conduct involving a child for the purpose of arousing or satisfying . . . sexual desires" with knowledge or conscious disregard that the visual recording "involved child abuse."  J.A. 30.  In his plea agreement, Mixell admitted that he "possessed (by computer) a photograph depicting [a] child engaged in [a] sexual act."  J.A. 33.  This conduct, the possession of materials depicting child abuse and a child engaged in a sex act, plainly "involves . . . conduct that by its nature is a sex offense against a minor" under SORNA's residual clause. 34 U.S.C. § 20911(7)(I); *see United States v. Price*, 777 F.3d 700, 708 (4th Cir. 2015) (explaining that courts analyzing a sex offense for purposes of the SORNA residual clause do not use an elements-based categorical approach, but instead compare the residual clause language with the conduct involved in the underlying offense).

We reject Mixell's assertion that his conduct was not "against a minor," because he did not interact with a minor or otherwise engage in conduct directed toward such a minor. Under the law, minors depicted in sexually explicit photographs or video recordings qualify as the victims of crimes involving the possession of such materials.  *See Paroline v. United States*, 572 U.S. 434, 457-58 (2014).  And, specifically, the SORNA residual clause does not impose any requirement that a defendant interact with a minor.  *United States v. Dodge*, 597 F.3d 1347, 1355 (11th Cir. 2010) (en banc).  In fact, most of the "listed 'specified

offense[s] against a minor'" in Section 20911(7) do not require that the sex offender himself "engage in a sexual act" with a minor. *Id.* (citing *United States v. Byun*, 539 F.3d 982, 987 n.8 (9th Cir. 2008)). Instead, the phrase "against a minor" simply requires a determination that the victim of the offense was a minor. *Id.* Therefore, although Mixell was not depicted in the video as the sexual abuser, and did not attempt to contact or otherwise engage with a minor, his possession of materials depicting a child involved in a sex act is "conduct that by its nature is a sex offense against a minor" under SORNA's residual clause.[1] 34 U.S.C. § 20911(7)(I).

"Congress left courts with broad discretion to determine what conduct is 'by its nature' a sex offense" in order to ensure that SORNA's residual clause "ensnare[d] as many offenses against children as possible." *Dodge*, 597 F.3d at 1355. Accordingly, Mixell was subject to SORNA's registration requirements, and the district court did not err in denying Mixell's motion to dismiss the indictment on this basis.

## B.

Mixell next argues that the district court erred in denying his motion to dismiss the indictment because SORNA's registration requirements constitute cruel and unusual punishment in violation of the Eighth Amendment as applied to him, a homeless or transient individual. The district court determined that Mixell's as-applied challenge failed

---

[1] We also reject as meritless Mixell's arguments that the definition of "sex offense" in the SORNA residual clause is circular and void on vagueness grounds.

as a factual matter, because he was not homeless during "a meaningful portion of time" covered by the indictment.[2]

We review for clear error the district court's factual finding regarding Mixell's allegation of homelessness. *Span*, 789 F.3d at 325. We conclude that the district court did not clearly err in finding that Mixell was not homeless to a substantial degree during the period charged in the indictment, namely, from early 2017 through his arrest on April 24, 2017. According to the parties' stipulated facts, Mixell resided at a property where he worked during a portion of the period charged in the indictment and at the time of his arrest on April 24, 2017. While Mixell had been "transient" and "homeless for periods of time" during 2017, he failed to specify the duration of such periods of time. Thus, the district court did not clearly err in concluding that Mixell's as-applied challenge failed because he was not "homeless to the extent that his constitutional argument[] would have any force."[3] Accordingly, we affirm the district court's decision denying Mixell's motion to dismiss the indictment on Eighth Amendment grounds.

---

[2] The district court also determined that Mixell's as-applied challenge failed because SORNA's registration requirements are not punitive in nature. Based on our analysis, we need not reach this alternative basis for the court's decision denying the motion to dismiss the indictment on Eighth Amendment grounds.

[3] Although Mixell suggests in his brief that SORNA also violates his due process rights under the Fifth Amendment, Mixell fails to present any argument to support such a claim. Thus, we do not address that issue. *See* Fed. R. App. P. 28(a)(8)(A); *Sky Cable, LLC v. DIRECTV, Inc.*, 886 F.3d 375, 383 n.3 (4th Cir. 2018) (holding that appellants' "passing reference [to an issue was] insufficient to preserve the issue for our review because [of failure] to include reasons and citations as required" by the federal appellate rules).

7

II.

Finally, Mixell challenges the district court's imposition of computer and Internet monitoring as a special condition of his supervised release. He asserts that the condition unlawfully infringes on his rights under the First and Fourth Amendments. According to Mixell, any condition that requires real-time monitoring of an individual's computer and Internet use is per se unlawful. We disagree and decline to adopt such a broad rule.

Because the district court is "afforded broad latitude to impose conditions on supervised release," we review such conditions only for an abuse of discretion. *United States v. Douglas*, 850 F.3d 660, 663 (4th Cir. 2017) (internal quotation marks and citation omitted). The Supreme Court has upheld the use of warrantless searches in certain circumstances involving individuals who have been placed on supervised release. *See Griffin v. Wisconsin*, 483 U.S. 868, 872-73 (1987). Such searches are permitted without probable cause when reasonable in light of the "special need" to ensure compliance with supervised release conditions designed to rehabilitate the defendant and to protect the community. *Id.* at 875.

Courts may impose special conditions of supervised release when they are "reasonably related" to the sentencing factors set forth in 18 U.S.C. § 3583(d)(1). *Douglas*, 850 F.3d at 663 (citation omitted). Those factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant;" the need for adequate deterrence; the protection of the public from further crimes; and providing the defendant training or treatment. 18 U.S.C. § 3583(d)(1) (citing *id.* § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D)). The special conditions imposed also must be consistent with policy statements

8

issued by the Sentencing Commission and must involve "no greater deprivation of liberty than is reasonably necessary" to achieve the goals of supervised release. *Douglas*, 850 F.3d at 663 (citing 18 U.S.C. § 3583(d)(2), (d)(3)).

Special conditions involving limitations on computer use or required computer monitoring have been upheld when the defendant has a history of using a computer or the Internet to commit present or prior crimes. *See, e.g.*, *United States v. LaCoste*, 821 F.3d 1187, 1191 (9th Cir. 2016) (collecting cases). Moreover, the Sentencing Guidelines recommend the imposition of special conditions of supervised release limiting computer use by defendants convicted of sex offenses or requiring such defendants to submit to warrantless searches of their computers. U.S.S.G. § 5D1.3(d)(7)(B), (d)(7)(C). Although failing to register under SORNA is not a "sex offense" for purposes of the Guidelines, *Price*, 777 F.3d at 711, "[s]ex offender conditions of supervised release may be imposed, even at sentencing for crimes which are not sex crimes, if supported" by the sentencing factors in 18 U.S.C. § 3583(d), *Douglas*, 850 F.3d at 663 (citation omitted).

We acknowledge "the centrality of the [I]nternet to modern life," *United States v. Wroblewski*, 781 F. App'x 158, 163 (4th Cir. 2019), but in this case, the district court imposed a special condition of supervised release that does not prevent Mixell from using a computer or electronic device to access the Internet or to communicate on it. Instead, the special condition at issue requires that, for a limited five-year period of supervised release, Mixell's use of his computer or devices with access to the Internet will be monitored. The district court explained that this condition was appropriate in Mixell's case because: (1) "[he] used the computer in his original crime," and (2) the condition was sufficiently

9

tailored because the monitoring program "does not prevent him from speaking" online. J.A. 153. This special condition of monitoring Mixell's use of the Internet is supported by the sentencing factors providing for "adequate deterrence," 18 U.S.C. § 3553(a)(2)(B), and the protection of the public from further crimes, *id.* § 3553(a)(2)(C), as included under the terms of 18 U.S.C. § 3583(d).

Our conclusion is not affected by the Supreme Court's decision in *Packingham v. North Carolina*, 137 S. Ct. 1730 (2017). There, the Court invalidated a North Carolina law generally prohibiting a registered sex offender from accessing "a commercial social networking Web site where the sex offender knows that the site permits minor children to become members or to create or maintain personal Web pages." *Id.* at 1733 (quoting N.C. Gen. Stat. § 14-202.5(a), (e)). The Court held that the "sweeping" terms of the statute violated the defendant's rights of speech protected under the First Amendment. *Id.* at 1737-38. Unlike that North Carolina statute broadly prohibiting access to social networking sites, the special conditions imposed in the present case do not prevent Mixell from having access to such social networking sites. Rather, his use of the Internet merely will be monitored for a discrete time period to ensure compliance with his terms of supervised release.[4]

---

[4] We reject Mixell's claim that his First Amendment rights are infringed by the special condition of computer and Internet monitoring that requires him to provide his supervising officer with his usernames and passwords for email accounts and group messaging accounts, arguably preventing him from communicating online anonymously. We are not aware of any cases supporting a right of this nature for a sex offender who has failed to register under SORNA, and we decline to recognize such a right here.

10

We therefore conclude that the challenged condition of supervised release is reasonably related to Mixell's present circumstances and his prior offense, as well as to the need to protect the public. *See* 18 U.S.C. § 3583(d) (citing *id.* § 3553(a)). Therefore, we hold that the district court did not abuse its discretion in imposing this special monitoring condition as part of Mixell's supervised release.

## III.

For these reasons, we affirm the judgment of the district court.

*AFFIRMED*

11