[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-11978
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 17, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00082-CR-VEH-JEO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN PILATI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 17, 2010)

Before BLACK, MARTIN and COX, Circuit Judges.

BLACK, Circuit Judge:

John Pilati appeals his convictions and sentences for five counts of deprivation of civil rights while acting under color of law, in violation of 18 U.S.C. § 242. Pilati raises several issues on appeal, only one of which is preserved–whether the magistrate judge erred in requiring him to register as a sex offender under the Sex Offender Registration and Notification Act, 42 U.S.C. § 16901 *et seq.* (SORNA). We affirm the district court's affirmance of the magistrate judge's requirement that Pilati register under SORNA.

## I. BACKGROUND

Pilati was charged with five misdemeanor counts of willfully depriving individuals of their right to be free from unreasonable searches by one acting under color of law, in violation of 18 U.S.C. § 242. Specifically, the grand jury charged Pilati, who was employed as the District Attorney in Franklin County, Alabama at the time of the offenses, with the following conduct: (1) Pilati fondled the scrotum and penis of S.T.; (2) Pilati fondled the testicles, penis, and buttocks of J.H.; (3) Pilati forced A.M. to disrobe until he was completely naked and fondled his scrotum and buttocks; (4) Pilati stroked the testicles of A.Y.; and (5) Pilati forced D.M. to disrobe until he was completely naked and touched his genitals. Pilati pleaded not guilty to all counts.

Pursuant to Federal Rule of Criminal Procedure 58(b)(3)(A), Pilati consented to be tried before a magistrate judge and specifically waived trial before a district judge. The magistrate judge conducted a jury trial, and the jury found Pilati guilty on all counts.

The Probation Office prepared a Presentence Investigation Report (PSI). According to the PSI, Pilati conducted drug tests on the individuals named in the indictment, and he fondled their genitalia while administering the tests. At the time of the offenses, one of the victims was under the age of 18. Specifically, the PSI stated that A.Y., the victim in Count Four, was 17 years old when Pilati "strok[ed] A.Y.'s testicles, concentrating on the area between his penis and his testicles," and "then held A.Y's penis while he urinated into the cup" for drug testing.

In its written objections to the PSI, the Government asserted that Pilati must be required to register under SORNA as a condition of supervised release. Pilati objected to the recommendation of SORNA registration, asserting that "a violation of 18 U.S.C. § 242 with underlying sexual contact would not trigger any sexual offender registration requirements." Neither Pilati nor the Government included any written objection to the PSI's statement that A.Y. was 17 years old at the time of the offense.

At the sentencing hearing, the magistrate judge heard argument regarding whether SORNA registration was required given the fact Pilati was not convicted of a "sex offense." Pilati asserted that because the jury convicted him of deprivation of civil rights and not a "sex offense," SORNA registration was not required. He contended that SORNA required a specific finding by the jury that the defendant committed a sexual offense. Pilati's argument regarding SORNA registration was not based on the age of the victim. The magistrate judge overruled Pilati's objection that his underlying offense, 18 U.S.C. § 242, did not require registration, concluding that a separate factual finding by the jury of specific intent to commit a sexual offense was not required for sentencing purposes. The magistrate judge made a separate finding that he found "beyond a reasonable doubt that the offense conduct did involve the allegation and abusive sexual conduct as is stated in the [PSI]." The magistrate judge noted that SORNA provided the term "sex offender" included anyone who had committed a specified offense against a minor, which in turn incorporated any conduct that by its nature is a sex offense against a minor. *See* 42 U.S.C. § 16911. The magistrate judge found that "Count Four, dealing with the minor A.Y.," was a sex offense against a minor, and thus Pilati was required to register under SORNA. Neither Pilati nor

4

the Government objected to the magistrate judge's statement that A.Y. was a minor.

The magistrate judge then sentenced Pilati to 42 months' imprisonment and 1 year of supervised release. As a special condition of supervised release, the magistrate judge ordered Pilati to register as a sex offender within three days of his release. After imposing the sentence, the magistrate judge inquired if there were any objections from any party as to the findings of fact other than those previously stated for the record. Neither Pilati nor the Government had any further objections.

Pilati appealed to the district court, pursuant to 18 U.S.C. § 3402, raising only one issue: "Was it error for the court to order [Pilati] to register as a sex offender under the facts of this case?" Pilati's argument was twofold, focusing on the victim's age. He asserted (1) there was no proof that A.Y. was a minor at the time of the offense, and (2) the magistrate judge had not required the jury to make a specific finding that A.Y. was a minor. Pilati asserted that under SORNA, the jury was required to make a finding of the victim's age.

The district court affirmed the magistrate judge's sentence. The district court determined that while Pilati had objected to the SORNA registration requirement at sentencing, he did so on the basis he had not been convicted of a

5

sexual offense. Pilati challenged for the first time on appeal to the district court the lack of a specific finding regarding the age of the victim. The district court concluded, *inter alia*, that Pilati failed to object to the PSI's statement that A.Y. was a minor, and thus had admitted it for sentencing purposes. Pilati now appeals to this Court.

## II. DISCUSSION

*A. Failure to appeal issues to the district court*

Pilati did not preserve the majority of the issues he brings to this Court on appeal because he did not raise those issues on appeal to the district court. The Government asserts Pilati has abandoned every issue in his initial brief except for the one argument raised in Pilati's 18 U.S.C. § 3402 appeal to the district court, that the magistrate judge erred in imposing a SORNA registration requirement on Pilati. This Court has never specifically addressed whether a defendant abandons issues not raised in an 18 U.S.C. § 3402 appeal to the district court.[1] However, the statutory framework, rules of procedure, our precedent, and the law of the case

---

[1] The parties have not cited a published opinion regarding this issue, nor have we found one. The Fourth Circuit, in an unpublished opinion, held that a defendant forfeited review of certain claims because he did not raise them on appeal to the district court. *United States v. Frazier*, 178 F.3d 1287, 1999 WL 270193 at *1 (4th Cir. May 4, 1999). The Fourth Circuit relied on a First Circuit opinion, *United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993), discussing the law of the case doctrine.

doctrine support a conclusion that a defendant abandons issues not raised on appeal to the district court.

After being tried and convicted by a magistrate judge, Pilati appealed to the district court pursuant to 18 U.S.C. § 3402. "In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." 18 U.S.C. § 3402. "The defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D).

We have held we lack jurisdiction to entertain a direct appeal from a conviction by a magistrate judge when a defendant fails to first appeal his conviction to the district court. *Midway Mfg. Co. v. Kruckenberg*, 720 F.2d 653, 654 (11th Cir. 1983). Our review is essentially a second tier of appellate review, and "[i]n our review we apply to the magistrate the same standard used by the district court." *United States v. Peck*, 545 F.2d 962, 964 (5th Cir. 1977).[2] "Review by the district court of a conviction before the magistrate is not a trial de

_____

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

novo but is the same as review by a court of appeals of a decision by a district court." *Id.*

The law of the case doctrine supports a decision to disallow a second-tier challenge to issues a defendant failed to raise when appealing to the district court.

> Under the law of the case doctrine, a legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.

*United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997). Accordingly, when on appeal a defendant fails to raise an issue when the opportunity is presented, he waives that argument. *United States v. Mesa*, 247 F.3d 1165, 1171 n.6 (11th Cir. 2001). "[W]aiver is the 'intentional relinquishment or abandonment of a known right,'" *United States v. Olano*, 507 U.S. 725, 733, 113 S. Ct. 1770, 1777 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 1023 (1938)), and waived or abandoned claims are not reviewed on appeal, *United States v. Lewis*, 492 F.3d 1219, 1221 (11th Cir. 2007) (en banc).

Pilati raises numerous issues that are beyond the scope of this second-tier appeal. While we have not explicitly addressed whether a defendant waives or abandons an issue by failing to raise it on appeal to the district court, we now hold that a defendant waives or abandons all issues not raised on appeal to the district

8

court in an 18 U.S.C. § 3402 appeal. Accordingly, Pilati's issues I-VIII and X-XII[3] are not properly before this court because they have been waived or abandoned.

## B. SORNA Registration

Pilati divides issue IX, challenging the magistrate judge's requirement that Pilati register under SORNA, into two parts. First, he asserts the magistrate judge committed reversible error in requiring him to register as a sex offender because he was not convicted of a qualifying offense. Second, he contends the magistrate judge erred in requiring him to register because he was not charged in the indictment or found guilty of a sex offense against a minor. We review for abuse of discretion the imposition of a special condition of supervised release, as long as

---

[3] Those issues are as follows: (1) the evidence is insufficient to support the convictions; (2) Pilati was denied counsel of choice where counsel withdrew outside Pilati's presence as a result of erroneous information from the Government that he had a conflict, and neither counsel nor the court gave Pilati an opportunity to object; (3) the court erred in excluding prior criminal histories of the alleged victims; (4) the court erred in admitting other alleged prior sexual misconduct of Pilati; (5) the indictment was constructively amended by proof of other acts and instructions allowing jurors to find guilt based on uncharged conduct; (6) the instructions were inadequate to instruct the jury on the essential elements of the offense; (7) the court erred in admitting evidence of a prior consistent statement of A.M.; (8) the court committed reversible error in allowing testimony from lay witnesses about how they conducted drug tests and testimony from victims and non-victims about drug tests conducted by persons other than Pilati; (10) requiring Pilati to register as a sex offender violates the Ex Post Facto Clause by punishing Pilati for acts committed prior to the SORNA's passage; (11) the court erred in using U.S.S.G. § 2A3.4 as the reference point for calculating Pilati's base offense level; and (12) the registration requirement of SORNA is unconstitutional because there is no jurisdictional nexus between interstate commerce and sex offender registration.

the objection was preserved for appeal. *United States v. Dodge*, 597 F.3d 1347, 1350 (11th Cir. 2010) (en banc). We review the trial court's interpretation of a statute *de novo*. *Id.* The trial court "abuses its discretion if it applies the incorrect legal standard." *Id.*

Both of Pilati's arguments under issue IX are without merit. While Pilati raised the issue of not being convicted of a qualifying offense before the magistrate judge, he did not raise this issue in his appeal to the district court. Thus, this argument has been waived or abandoned by his failure to raise it on appeal to the district court. Alternatively, our precedent is contrary to Pilati's argument.

> District judges do not need a statute to spell out every instance of conduct that is a sexual offense against a minor. They are capable of examining the underlying conduct of an offense and determining whether a defendant has engaged in conduct that "by its nature is a sex offense against a minor."

*Dodge*, 597 F.3d at 1355. Here, the magistrate judge examined the underlying conduct of the offense in Count Four and correctly determined Pilati had engaged in conduct that "by its nature [was] a sex offense against a minor." *See id.*

Pilati's argument that he should not have been required to register as a sex offender because he was not charged in the indictment or found by the jury to have committed a sex offense against someone under 18 is also meritless. When a

10

defendant fails to object to statements in the PSI despite several opportunities to do so, a defendant is deemed to have admitted those facts. *United States v. Bennett*, 472 F.3d 825, 833-34 (11th Cir. 2006); *see also United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) (stating "[i]t is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes"); *United States v. Williams*, 438 F.3d 1272, 1274 (11th Cir. 2006) (stating the defendant's "failure to contest the 37 grams [of crack cocaine] imputed in the PSI constituted an admission of that quantity"). While it is true that neither the indictment nor the jury finding specified the victim's age, the PSI specified that A.Y., the victim in Count Four, was 17 years old when Pilati "strok[ed] A.Y.'s testicles, concentrating on the area between his penis and his testicles," and "then held A.Y's penis while he urinated into the cup" for drug testing. Pilati did not object to the statement in the PSI that A.Y. was 17 years old despite several opportunities to do so. Pilati did not object to this statement in his written objections to the PSI, nor did he object at sentencing when the magistrate judge referred to A.Y. as a minor. Further, he responded in the negative when asked if he had any further objections to the magistrate judge's findings of fact after the sentence was imposed. All these facts show Pilati failed to object to this factual

11

allegation in the PSI despite being given multiple opportunities to do so. Thus, he is deemed to have admitted A.Y. was a minor at the time of the offense.

## III. CONCLUSION

As Pilati's arguments related to SORNA registration fail, we affirm the district court's affirmance of the magistrate judge's requirement that Pilati be required to register under SORNA. We hold that the rest of the issues raised on appeal have been waived or abandoned.

**AFFIRMED.**