[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 11, 2012
JOHN LEY
CLERK

No. 11-14890
Non-Argument Calendar

_____

D.C. Docket No. 9:11-cr-80041-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLEM DEMETRIOS BEAUCHAMP,
a.k.a. Clem Beauchamp,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 11, 2012)

Before HULL, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Clem Beauchamp pleaded guilty to possession of an unregistered silencer,

in violation of 26 U.S.C. § 5861(d), and was sentenced to 120 months'

imprisonment. He now appeals, challenging the reasonableness of his sentence. After review, we affirm.

At issue in this case is the district court's consideration of an unrecorded conversation between Beauchamp's girlfriend Felicia Brown (Felicia) and her ex-husband Peter Brown (Peter). After Felicia's car was repossessed, an employee of the repossession company found a revolver, silencer, and mask in the car. When Felicia tried to reclaim her car from the impound lot and learned the items had been given to police, she stated the items belonged to her boyfriend. Police learned Beauchamp was the boyfriend and obtained a search warrant for his home. During the search they found insulation and duct tape, along with a computer that had been used to visit web sites detailing how to make a homemade silencer.

When questioned by police, both Felicia and Beauchamp denied seeing the firearm and silencer found in her car. ATF special agent Daniel Dooley, seeking to speak to Felicia alone, contacted Peter to speak to her on his behalf. Peter later met with Felicia, gave her Dooley's card, and, on his own, recorded their conversation. In the recording, Felicia admitted that she had obtained the firearm and Beauchamp had made the silencer. According to Peter, in an unrecorded part of the conversation, Felicia told him that Beauchamp "was gonna to try to get rid of" Michelle Dent, the mother of Beauchamp's children. Peter did not contact the

2

ATF agent after his meeting with Felicia, nor did he tell the police or ATF the details of the conversation for fourteen months.[1]

Beauchamp pleaded guilty to possession of an unregistered silencer. The district court calculated Beauchamp's sentencing range under U.S.S.G. § 2K2.1(a)(3). When a defendant possesses the silencer in connection with the attempted commission of another offense, however, the cross-reference provision in § 2K2.1(c)(1)(A) instructs the court to apply the guideline applicable to the attempted offense. U.S.S.G. §§ 2K2.1(c)(1)(A), 2X1.1, 2A1.5. Based on Peter's testimony of the unrecorded conversation with Felicia, the district court found that Beauchamp and Felicia conspired to commit murder and thus determined that the base offense level was 33 under U.S.S.G. § 2A1.5 – the guideline applicable to murder. With a three-level reduction for acceptance of responsibility, Beauchamp's total adjusted offense level was 30. Beauchamp had a lengthy criminal history, including several violent offenses, which placed him in criminal history category III. The resulting guideline range was 121 to 151 months' imprisonment. Because § 5861 carried a statutory maximum sentence of 120 months' imprisonment, this became the guideline range. U.S.S.G. § 5G1.1(a).

---

[1] By the time of Beauchamp's sentencing hearing, Felicia was dead and Beauchamp had been charged with her murder.

Beauchamp objected to the court's reliance on Felicia's uncorroborated hearsay statement to Peter. After listening to the arguments and finding Peter's testimony credible and reliable, the court concluded that 120 months' imprisonment was the proper sentence. The court further stated that "even if the guidelines are wrong, even if my scoring of the guidelines are wrong based on 3553(a), I find that a reasonable and sufficient sentence in this case is 120 months in prison." The court did not otherwise mention the § 3553(a) factors or state how it had arrived at the sentence. This is Beauchamp's appeal.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41 (2007). We may "set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011). A sentence may only be vacated if we are left with a "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted).

The district court is required to impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. *See* 18 U.S.C. § 3553(a)(2). The district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements issued by the Sentencing Commission, the need to avoid unwarranted sentence disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

In reviewing the reasonableness of a sentence, we must first ensure that the sentence was procedurally reasonable, meaning the district court properly calculated the guideline range, treated the Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *Gall*, 552 U.S. at 51. Once we determine a sentence is procedurally reasonable, we must examine whether the sentence, including the extent of any variance, was substantively reasonable under

the totality of the circumstances. *Id.* A sentence may be substantively unreasonable if the district court arbitrarily selects the sentence, bases the sentence on impermissible factors, or fails to consider pertinent § 3553(a) factors. *Pugh*, 515 F.3d at 1192. Beauchamp bears the burden to show his sentence is unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

In this case, Beauchamp argues that his sentence was procedurally unreasonable because the district court gave undue weight to the uncorroborated hearsay testimony. He argues that the sentence is substantively unreasonable because it is well above the guideline range that he would have faced had the court not considered the hearsay testimony.

A. Procedural Reasonableness

We review credibility determinations for clear error. *United States v. Pineiro*, 389 F.3d 1359, 1366 (11th Cir. 2004). We will not reverse the district court's credibility determination "unless it is contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it." *Id.* As for the use of hearsay evidence at sentencing, "the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a); *see also United States v.*

*Ghertler*, 605 F.3d 1256, 1269 (11th Cir. 2010).

Our case law clearly provides that reliable hearsay can be considered during sentencing. *United States v. Wilson*, 183 F.3d 1291, 1301 (11th Cir. 1999). The district court may rely on such evidence "as long as the evidence has sufficient indicia of reliability, the court makes explicit findings of fact as to credibility, and the defendant has an opportunity to rebut the evidence." *United States v. Zlatogur*, 271 F.3d 1025, 1031 (11th Cir. 2001) (quoting *United States v. Anderton*, 136 F.3d 747, 751 (11th Cir. 1998)).

After review, we see no procedural error in the court's reliance on Peter's testimony. The district court properly considered the hearsay testimony,[2] and made explicit factual findings as to Peter's credibility. We will defer to that finding. Based on this testimony, the court properly calculated the guideline range using the cross-reference provision in § 2K2.1(c)(1)(A). Peter's testimony established that Beauchamp and Felicia possessed the firearm and silencer as part of their plot to murder Michelle Dent. Thus, § 2A1.5(a), the guideline applicable to murder, was the correct guideline.

---

[2] Notably, Beauchamp challenges only the reliability of the statement. He does not argue that the court's admission of the testimony violated his due process rights. Nor does he allege that the district court failed to sufficiently explain the sentence imposed. Thus, he has waived this issues. *United States v. Pilati*, 627 F.3d 1360, 1364 (11th Cir. 2010).

7

Nevertheless, even if the court's guideline calculation was in error, the error was harmless. The court stated that it would have imposed the same 120-month sentence based on the § 3553(a) factors. "An error in the district court's calculation of the Sentencing Guidelines range warrants vacating the sentence, unless the error is harmless. A Sentencing Guidelines miscalculation is harmless if the district court would have imposed the same sentence without the error." *United States v. Barner*, 572 F.3d 1239, 1247–48 (11th Cir. 2009) (citation omitted) (if "a district judge clearly states that he would impose the same sentence, even if he erred in calculating the guidelines, then any error in the calculation is harmless"); *see also United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006).

B. Substantive Reasonableness

The district court imposed the statutory maximum sentence after considering the § 3553(a) factors. The district court also was well aware of the sentencing range Beauchamp faced without the cross-reference provision and the other information in the presentence investigation report. Although the court did not explicitly discuss the § 3553(a) factors, it was not required to do so. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). In this case, Beauchamp had a criminal history category III with several violent offenses. The court found that his possession of the unregistered silencer was related to a conspiracy to

commit murder. In imposing the sentence, the district court stated that it had considered the guidelines and the sentencing factors. Considering the totality of the circumstances, we cannot conclude that the sentence imposed, although at the statutory maximum, was substantively unreasonable, and Beauchamp has not met his burden to show otherwise.

**AFFIRMED.**