**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 17-4591

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES P. WAINSCOAT,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge.  (5:16-mj-01680-D-1)

Submitted:  May 31, 2018                        Decided:  June 11, 2018

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Laura E. Beaver, THE BEAVER LAW FIRM, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a bench trial, a magistrate judge convicted James P. Wainscoat of reentering a military installation after having been removed, in violation of 18 U.S.C. § 1382 (2012). The magistrate judge imposed a $500 fine and a $10 special assessment. Wainscoat appealed to the district court, which affirmed the criminal judgment. Wainscoat now appeals the district court's order.[*] We affirm.

On appeal, Wainscoat contends that there was insufficient evidence at trial to convict him under the reentry clause of § 1382 because the Government did not prove motive or intent or that he had written notice before his March 14, 2016, arrest that he was not permitted to reenter Fort Bragg. Because Wainscoat did not make a Fed. R. Crim. P. 29 motion at trial, we review these claims for plain error. *United States v. Wallace*, 515 F.3d 327, 331-32 (4th Cir. 2008). Accordingly, Wainscoat must show that there was error, that the error was plain, meaning obvious or clear under current law, and

---

[*] Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Before conducting our independent review pursuant to *Anders*, *id.* at 744, we must first determine whether the "prophylactic framework" established by *Anders* applies to Wainscoat's case. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (stating that *Anders* "is relevant when, and only when, a litigant has a previously established constitutional right to counsel"). "[A]n indigent defendant must be offered counsel in any misdemeanor case that actually leads to imprisonment." *Alabama v. Shelton*, 535 U.S. 654, 661 (2002) (internal quotation marks omitted); *see id.* at 657. Because Wainscoat was not sentenced to any term of imprisonment, he does not have a constitutional right to counsel. *See id.* at 661. Accordingly, we need not conduct an independent review pursuant to *Anders*. Notwithstanding this circumstance, we consider appellate counsel's arguments.

that the error affected his substantial rights. *Id.*; *see Henderson v. United States*, 568 U.S. 266, 272 (2013).

In resolving a sufficiency-of-the-evidence claim, we must determine "whether there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." *United States v. Palacios*, 677 F.3d 234, 248 (4th Cir. 2012). Section 1382 prohibits reentering any military "reservation, post, fort, arsenal, yard, station, or installation, after having been removed therefrom or ordered not to reenter by any officer or person in command or charge thereof." 18 U.S.C. § 1382. "The second paragraph of § 1382 does not contain the word knowingly or otherwise refer to the defendant's state of mind, and there is no requirement that the Government prove improper motive or intent." *United States v. Albertini*, 472 U.S. 675, 683 (1985) (internal quotation marks omitted). There is similarly no textual requirement that a person charged be given written notice that he is not permitted to renter. Moreover, the statute is phrased in the disjunctive, making it an offense to reenter either after being ordered not to reenter or after having been removed.

The undisputed trial testimony established that, on March 12, 2016, Fort Bragg military police officers arrested Wainscoat for conducting a political demonstration on the military installation in violation of applicable regulations. Officers transported Wainscoat off the installation and told him that if he returned, he would be arrested again. Wainscoat conducted a similar demonstration at the same location on March 14, 2016, and after refusing to leave, military police again arrested him, issued a citation, and transported him off the installation. Given this evidence, a reasonable trier of fact could

3

conclude that Wainscoat had been removed from Fort Bragg and ordered not to reenter. Accordingly, the verdict is supported by sufficient evidence.

Wainscoat's argument that his conviction violates the First Amendment also fails. While Wainscoat was engaging in political speech when he was arrested, the Supreme Court held in *Albertini* that

> [s]ection 1382 is content-neutral and serves a significant Government interest by barring entry to a military base by persons whose previous conduct demonstrates that they are a threat to security. Application of a facially neutral regulation that incidentally burdens speech satisfies the First Amendment if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest.

*Albertini*, 472 U.S. at 687-88. Wainscoat was not arrested based on the content of his speech but for having reentered the installation following his removal two days earlier for violating valid regulations regarding political demonstrations. Accordingly, his conviction does not violate his First Amendment rights.

Wainscoat's final claim is that his trial counsel was ineffective for failing to call any witnesses at trial. We conclude that Wainscoat waived this argument by failing to raise it in his appeal to the district court. *See United States v. Pilati*, 627 F.3d 1360, 1364 (11th Cir. 2010) ("[A] defendant waives or abandons all issues not raised on appeal to the district court in an 18 U.S.C. § 3402 appeal."). Wainscoat's counsel submitted an appeal brief to the district court concluding that there were no meritorious grounds for appeal. Wainscoat submitted a letter to the district court raising concerns about the fact that he had not testified at trial and asking to testify before the district court. Wainscoat did not

4

allege that his counsel was ineffective, and, in denying Wainscoat's request to testify, the district court did not construe the letter as raising a claim of ineffective assistance of counsel. Moreover, the letter made no reference to counsel's decision not to call witnesses at trial. Wainscoat has therefore waived the claim of ineffective assistance of counsel.

Accordingly, we affirm Wainscoat's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*