[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-14280

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DANYEL MEGAL BLACK,
a.k.a. Daniel Black,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00376-JSM-SPF-1

_____

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Danyel Black appeals the district court's denial of a motion to suppress evidence, his conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). After review,[1] we affirm Black's conviction and sentence.

## I.  DISCUSSION

### A.  Motion to Suppress

Black contends the district court erred when it denied his motion to suppress evidence because his probation order did not consent to warrantless searches of his apartment, there was no reasonable suspicion to search his apartment, and the search warrant

---

[1] "A district court's ruling on a motion to suppress presents a mixed question of law and fact," which is reviewed *de novo*. *United States v. Zapata*, 180 F.3d 1237, 1240 (11th Cir. 1999). We review the denial of a motion for a judgment of acquittal *de novo*. *United States v. Maher*, 955 F.3d 880, 884 (11th Cir. 2020). Moreover, we review the sufficiency of the evidence to support a conviction *de novo*, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict. *United States v. Rodriguez*, 218 F.3d 1243, 1244 (11th Cir. 2000). We review whether a conviction qualifies as a "serious drug offense" under the ACCA *de novo*. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016).

obtained by local law enforcement did not have probable cause without the evidence collected from the probation officer's warrantless search, so all evidence collected was fruit of the poisonous tree.

The Fourth Amendment provides individuals with the right to be secure in their person, home, papers, and effects against unreasonable searches and seizures and provides that warrants may only be issued for probable cause. U.S. Const. amend. IV. A probationer's home is protected by the Fourth Amendment in that searches require reasonable suspicion, but they may be conducted without a warrant if there are reasonable grounds for the search of their home because searches are necessary to promote legitimate governmental interests of integrating probationers back into the community and preventing recidivism. *United States v. Knights*, 534 U.S. 112, 119-22 (2001). In *Knights*, the Supreme Court developed a balancing test to determine if a probationary search is constitutional, whereby the court must weigh the degree to which a search intrudes upon a probationer's privacy and the degree to which the search is necessary to promote legitimate governmental interests. *Id.* at 118-19.

Probationers are not subject to reasonable suspicion searches solely because they are on probation. *United States v. Carter*, 566 F.3d 970, 973 (11th Cir. 2009). However, reasonable suspicion may be enough to support a warrantless search of a probationer's house when the *Knights* balancing test is applied. *Id.* In *Carter*, we held that, though the probationer's terms of probation

did not include a consent to warrantless home searches, his expectation of privacy was reduced by the term of his probation that allowed home visits by his probation officer, and when weighed against the government's high interest in preventing drug and violence-related crimes, the warrantless search of his home based on reasonable suspicion alone was sufficient. *Id.* at 974-95; *see also Griffin v. Wisconsin*, 483 U.S. 868, 871-72, 875-76 (1987) (upholding the denial of a motion to suppress because the probation officer had reasonable suspicion to conduct a warrantless search when law enforcement received a tip that the defendant, a probationer, possessed firearms in his apartment).

The district court did not err when it denied Black's motion to suppress because his expectation of privacy in his home was diminished when he received probation instructions that granted his probation officer the right to search his home, and, when balanced against the Government's interest in preventing drug and violence-related crimes, the warrantless search of his apartment by his probation officer did not violate the Fourth Amendment. Black received probation instructions with his probation order that gave him notice probation officers would conduct routine home verifications and had the right to search his residence. Black signed these probation instructions and certified he understood them. Therefore, his expectation of privacy in his home was diminished. *See Knights*, 534 U.S. at 119. Moreover, days before the probation officer searched Black's home, Black conceded the ATF received a tip that he possessed a firearm and was distributing illegal narcotics.

*See Griffin*, 483 U.S. at 871-72. Since the Government has a high interest in preventing drug and violence-related crimes, under the *Knights* balancing test, the Government had a legitimate interest in preventing those crimes. *See Griffin*, 483 U.S. at 871; *Carter*, 566 F.3d at 974-75. Therefore, the Government's interest in preventing drug and violence related crimes coupled with Black's already-diminished expectation of privacy while he was on probation, supports that the probation officer's initial warrantless search of Black's home did not violate the Fourth Amendment. *See Knights*, 534 U.S. at 119.

In turn, the subsequent basis for a search warrant was not violative of the Fourth Amendment because there was probable cause to issue a search warrant based upon the probation officer's discovery of illegal narcotics and ammunition in Black's apartment, so the evidence collected by law enforcement was not "fruit of the poisonous tree." *See Segura v. United States*, 468 U.S. 796, 804 (1984) (explaining an unconstitutional search or seizure extends from primary evidence obtained illegally to any other evidence obtained as a direct result of the illegal search with the latter evidence termed, "fruit of the poisonous tree"). Accordingly, the district court did not err when it determined Black's Fourth Amendment rights were not violated and it denied the motion to suppress the evidence.

## B. Judgment of Acquittal

Black also asserts the district court erred in denying his motion for judgment of acquittal because he did not have dominion

and control over his children's bedroom where the firearm was located, and his girlfriend testified the firearm was hers.

In *United States v. Ochoa*, we upheld a conviction for possession of a firearm or ammunition by a felon in violation of § 922(g)(1) where the government presented evidence that the defendant constructively possessed the ammunition that was found in his bedroom along with official documentation listing his personal information and his driver's license listed the address as his residence. *See United States v. Ochoa*, 941 F.3d 1074, 1105 (11th Cir. 2019), *cert. denied*, 140 S. Ct. 2553 (2020). There, we held a reasonable jury could find the defendant exercised dominion or control over the bedroom he resided in, which was sufficient for a finding of constructive possession of the ammunition found therein. *Id.*

Black only contests he possessed the firearm. Since he did not raise possession of the ammunition as an issue on appeal, he has waived the argument that he did not possess the ammunition. *See United States v. Pilati*, 627 F.3d 1360, 1364 (11th Cir. 2010) (stating when a defendant fails to raise an issue on appeal, that argument is deemed waived). Trial testimony supports that Black lived in the apartment law enforcement searched in February 2019 with his girlfriend Mercedes Cheaves and their two children, and he exercised dominion and control over the bedroom in which he slept. Thus, the Government presented sufficient evidence at trial to allow a finder of fact to determine beyond a reasonable doubt that Black possessed, at the very least, the 9 mm ammunition found in

20-14280               Opinion of the Court                    7

the linen closet in his bedroom.  *See Ochoa*, 941 F.3d at 1105.  Since possession of ammunition as a convicted felon is sufficient to obtain a conviction under § 922(g),[2] the district court did not err in denying his motion for a judgment of acquittal.  *See* 18 U.S.C. § 922(g).  Accordingly, we affirm Black's conviction under § 922(g)(1).

C. *ACCA*

Finally, Black argues the district court erred in classifying him as an armed career criminal when it determined his prior 2001 Florida conviction for possession of cocaine with the intent to sell, in violation of Fla. Stat. § 893.13, was a "serious drug offense" under the ACCA because it does not have a *mens rea* requirement.

We are precluded from reviewing invited errors.  *United States v. Silvestri*, 409 F.3d 1311, 1337 (11th Cir. 2005).  The invited-error doctrine applies to this issue.  *See United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009) (explaining the invited-error doctrine applies where a defendant induced or invited the district court's error).  Black acquiesced at his sentencing hearing that his 2001 conviction was a "serious drug offense" under the ACCA, and thus he is precluded from arguing the opposite here.

---

[2] As such it is not necessary for this Court to analyze whether Black constructively possessed the firearm that was in his children's bedroom, or whether he exercised dominion and control over his children's bedroom.

## II.  CONCLUSION

The district court did not err in denying Black's motion to suppress evidence because, on balance, his expectation of privacy in his home was outweighed by the Government's interest in preventing drug and violence related crimes, so the searches did not violate his Fourth Amendment rights.  Further, the district court did not err when it denied Black's motion for judgment of acquittal because the evidence was sufficient to allow a reasonable jury to find Black exercised dominion and control over his bedroom where the ammunition was found, and possession of ammunition alone was sufficient to convict him under § 922(g)(1).  Finally, Black is precluded from arguing the district court erred when it classified his 2001 drug conviction in Florida under Fla. Stat. § 893.13 as a "serious drug offense" under 18 U.S.C. § 924(e) because the invited error doctrine applies.

**AFFIRMED.**