**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 27, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SHANE M. HENNING,

    Defendant - Appellant.

Nos. 23-8078 & 23-8080
(D.C. Nos. L:22-MJ-00048-SWS-1 and
L:22-PO-00397-SWS-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Following a trial before a magistrate judge pursuant to 18 U.S.C. § 3402,

Shane M. Henning appeals his convictions for contempt and refusal to submit to a

breath test upon suspicion of driving under the influence. He challenges the

sufficiency of the evidence for his contempt conviction and the magistrate judge's

denial of his motions to suppress evidence stemming from his refusal to submit to a

breath test and from the attempted execution of the search warrant. He also claims

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

the magistrate judge erred by denying his pre-trial motion to dismiss the contempt charge. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    BACKGROUND

On July 15, 2022, a Yellowstone National Park employee called the Yellowstone Communication Center to report an erratic driver and to pass along the description of the driver's truck and license plate number. Approximately sixteen minutes after the Communication Center received this tip, while responding to this call, a park ranger spotted the reported truck with the matching license plate number parked in front of a residence in the Yellowstone residential area of Lower Mammoth, Wyoming. The park ranger also saw a man and a woman standing on the front porch of the nearby residence.

The park ranger contacted dispatch and learned the truck was registered to Mr. Henning. The park ranger then called out Mr. Henning's name and asked him to come off the porch to speak with the ranger, which Mr. Henning did. The park ranger noticed that Mr. Henning was unsteady and smelled of alcohol. Mr. Henning confirmed that he owned the vehicle in question and that he had been driving on the route where the vehicle had been reported that afternoon. Mr. Henning also admitted he had consumed three beers before the drive in question, and park rangers assisting with the investigation discovered an open can of beer in the truck. Mr. Henning took an eye movement test but refused a preliminary breath test. Upon completion of the eye movement test, the park rangers arrested him.

Mr. Henning was taken to the Mammoth Jail within Yellowstone, where he was advised of the federal implied consent advisement, which addresses the consequences of refusing a breath test while driving on federal lands. These consequences included the use of the refusal of the breath test as evidence against him in a criminal trial. Mr. Henning acknowledged that he understood the advisement, but he nevertheless declined a breath test and signed a corresponding refusal form. Park rangers returned to Mr. Henning's cell to present a search warrant to obtain a blood sample from Mr. Henning about two and a half hours after he declined the breath test. The park rangers explained to Mr. Henning that he would be charged with contempt if he did not give blood. However, Mr. Henning refused to comply with the search warrant, and no blood sample was ever secured.

Mr. Henning was charged via violation notices on July 15, 2022, with (1) operating a vehicle while under the influence of alcohol to a degree that renders the operator incapable of safe operation, in violation of 36 C.F.R. § 4.23(a)(l); (2) refusal to submit to a chemical test for presence of alcohol, in violation of 36 C.F.R. § 4.23(c)(2); and (3) carrying an open container of alcohol in a motor vehicle, in violation of 36 C.F.R. § 4.14(b) (the "DUI case").[1] Mr. Henning pleaded not guilty to these charges on July 18, 2022. Separately, Mr. Henning was charged via complaint on August 31, 2022, with one count of disobeying or resistance of a lawful

---

[1] Mr. Henning was also charged via violation notice with improper food storage in violation of 36 C.F.R. § 2.10(d) on July 8, 2022. This charge was consolidated with the DUI case. He was acquitted of that charge at trial. No aspect of that charge is before this court on appeal.

order under 18 U.S.C § 401(3) for his alleged failure to comply with the blood test search warrant (the "contempt case"). Mr. Henning pleaded not guilty to this charge on September 15, 2022.

Mr. Henning filed four motions to suppress in the DUI case: a motion to suppress all evidence derived from Mr. Henning's initial encounter with law enforcement due to a lack of particularized suspicion to stop him, a motion to suppress all evidence derived from the issuance of the search warrant because it was not supported by probable cause and the evidence was stale when executed, a motion to suppress all evidence derived from his refusal to submit to a breathalyzer test because he was not advised of his right to obtain an independent blood test, and a motion to suppress all statements to law enforcement because he was in custody and not *Mirandized*. Mr. Henning also filed a motion to dismiss the contempt charge for lack of probable cause, although he filed it in the DUI case rather than the contempt case.

During the motions hearing, the magistrate judge noted that the motion to dismiss the contempt charge was filed in the DUI case, not the contempt case, but gave defense counsel the opportunity to refile the motion in the contempt case. The magistrate judge also suggested that the motion to dismiss be considered as a sufficiency of the evidence issue at trial, and the parties did not object. The magistrate judge ultimately denied all motions to suppress. In her order denying the motions to suppress, the magistrate judge "decline[d] to address the contempt case or

how these rulings may apply in that case since no motions were filed." Appellant's Br. at 33.

Following a day-long bench trial, in which Mr. Henning failed to file a motion for judgment of acquittal, but instead filed a motion for a mistrial on grounds not raised here, the magistrate judge convicted Mr. Henning of refusing a breath test, an open container violation, and contempt, while acquitting him of the DUI and improper food storage charges. In total, Mr. Henning was sentenced to seventeen days of jail, with credit for six days of time served, a $1,950 fine, and one year of unsupervised probation.

Mr. Henning appealed to the district court, challenging the magistrate judge's denial of his motion to dismiss the contempt charge and his motions to suppress evidence stemming from his refusal to submit to a breath test and from the attempted execution of the search warrant. The district court held that Mr. Henning waived any challenge to the motion to dismiss the contempt charge because he failed to file any motions concerning the contempt charge in the proper case. Furthermore, the district court held that, even if the challenge had not been waived, there was sufficient evidence to convict him for contempt because he refused to comply with a search warrant, which is a court order. The district court also concluded that Mr. Henning failed to properly brief the challenge to the park rangers' alleged failure to inform Mr. Henning that he could seek an independent blood test, and thus waived it, and that the challenge is contrary to decisions previously issued by the District of Wyoming in any event. Lastly, the district court concluded that the officers had

5

probable cause to administer a breath test as a lawful search incidental to arrest, thus affirming the magistrate judge's order denying the motion to suppress Mr. Henning's refusal to submit to the breath test. Mr. Henning now appeals.

## II.    DISCUSSION

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." 18 U.S.C. § 3402. "The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." *United States v. Paup*, 933 F.3d 1226, 1230 (10th Cir. 2019) (quoting Fed. R. Crim. P. 58(g)(2)(D)). "When the district court's order is appealed, our court exercises a 'second tier of appellate review' in which we apply to the magistrate judge's order 'the same standard' that the district court is to use in its own review." *Id.* (quoting *United States v. Pilati*, 627 F.3d 1360, 1364 (11th Cir. 2010)). "Thus, like the district court, we review the magistrate judge's legal conclusions de novo and its factual findings for clear error." *United States v. Lantis*, 17 F.4th 35, 38 (10th Cir. 2021).

Mr. Henning first argues that the magistrate judge erred by denying his motion to dismiss the contempt charge. This argument is waived because the motion was never properly presented to the magistrate judge and Mr. Henning raises no plain error argument.

"Errors that are waived rather than merely forfeited through failure to object are not subject to plain error review." *United States v. Teague*, 443 F.3d 1310, 1315

6

(10th Cir. 2006) (quotation marks omitted). "When an appellant fails to preserve an issue and also fails to make a plain-error argument on appeal, we ordinarily deem the issue waived (rather than merely forfeited) and decline to review the issue at all—for plain error or otherwise." *United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019). "Under such circumstances, the failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument . . . not first presented to the district court." *Id.* (alterations in original) (internal quotation marks omitted).

The magistrate judge explained that the motion to dismiss the contempt charge was improperly filed in the DUI case, rather than in the contempt case, and informed Mr. Henning that he had leave to refile the motion in the contempt case. Mr. Henning made no attempt to refile the motion, and he never asserted a motion for a judgment of acquittal at trial—even after the magistrate judge suggested the issue could be addressed as a sufficiency of the evidence challenge at trial. Nor does he argue that the magistrate judge erred by not considering his motion to dismiss because of this filing error. Furthermore, Mr. Henning never seeks plain error review for this issue. He essentially ignores that the magistrate judge never addressed the motion because it was improperly filed in the wrong case and never reasserted in any form in the contempt proceeding.

It is true that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b). "[W]hen an error is obvious enough and satisfies Federal Rule of Criminal Procedure

52(b), we may exercise our discretion to recognize the error notwithstanding briefing deficiencies." *Leffler*, 942 F.3d at 1198 (internal quotation marks omitted). "But we will only exercise our discretion if it permit[s] the appellee to be heard and the adversarial process to be served." *Id.* (alteration in original) (internal quotation marks omitted). We see no basis to exercise our discretion on this matter because Mr. Henning is represented by counsel, was alerted to failures with his motion to dismiss by the magistrate judge but never rectified them, was alerted to waiver issues by the district court on this claim, and was alerted to waiver issues by the Government in its response brief on this appeal and yet never filed a reply brief. *See id.* at 1197–99 (outlining how similar factors weigh against the exercise of discretion to conduct plain error review despite waiver). This argument is waived, and we decline to review it.

Next, Mr. Henning claims there was insufficient evidence to support his conviction for contempt on the narrow ground that he was supposedly never made aware of the warrant for his blood draw. But again, Mr. Henning never made a motion for a judgment of acquittal at trial. "[A] defendant must present claims of insufficient evidence in the first instance [during trial] through a motion for a judgment of acquittal." *Id.* at 1197*; see also* Fed. R. Crim. P. 29. Furthermore, Mr. Henning does not argue for plain error review in his opening brief, nor did he file a reply brief in which we might have otherwise permitted an argument regarding his sufficiency-of-the-evidence claim to proceed. *See Leffler*, 942 F.3d at 1197. This issue is waived, and for many of the same reasons we decline to exercise our

discretion to review the motion-to-dismiss claim, we decline to exercise our discretion to review this issue for plain error.

Next, Mr. Henning claims the magistrate judge erred in denying his motion to suppress evidence derived from the attempted execution of the search warrant, allegedly in violation of his Fourth Amendment right to exculpatory evidence, because the federal implied consent advisement never informed him of his right to obtain independent blood testing to measure his blood alcohol content. But in asserting this issue, Mr. Henning never engages with the district court's holding that he waived this argument through inadequate briefing, nor does he present this argument under the plain error framework. Furthermore, he raises supporting arguments here that he did not raise before the district court, and he never argues that these arguments should be considered under the plain error framework. "[T]he failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument . . . not first presented to the district court." *Id.* at 1196 (alterations in original) (quotation marks omitted). We conclude this argument is waived, and we again find no basis for which to set aside Mr. Henning's failure to argue plain error.

Finally, Mr. Henning argues the magistrate judge erred in denying Mr. Henning's motion to suppress his refusal to submit to a breath test. But Mr. Henning never argued before the magistrate judge that the park ranger lacked particularized suspicion to ask Mr. Henning to take a breath test. And as is his responsibility under the Tenth Circuit Rules, Mr. Henning did not cite where in the

record this objection was made and ruled upon for purposes of preservation. *See* 10th Cir. R. 28.1(B)(1). Nor does Mr. Henning raise this argument under plain error in an opening brief. And again, Mr. Henning never filed a reply brief to respond to the Government's waiver argument here. We decline to consider this waived argument. *See Leffler*, 942 F.3d at 1197–99.

## III.    CONCLUSION

We AFFIRM Mr. Henning's convictions.

Entered for the Court

Carolyn B. McHugh
Circuit Judge