[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13115
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-00287-WS-N-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARNETT JAMES LLOYD, JR.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(April 2, 2020)

Before WILSON, LAGOA and MARCUS, Circuit Judges.

PER CURIAM:

Garnett James Lloyd, Jr. appeals following his conviction and sentence for

one count of cyberstalking, in violation of 18 U.S.C. § 2261A(2)(B).  His conviction

arose out of internet communications he'd begun with someone he believed to be 15 years old, and whom he had threatened with emailing pictures of her to her parents and people at her school to ruin her "good girl" image, unless she sent other requested photos.  On appeal, he argues that: (1) the district court erred in requiring him to register as a sex offender pursuant to the Sex Offender Registration and Notification Act ("SORNA"),[1] because his offense was not a sex offense that required registration under SORNA, even though he recognizes that our en banc opinion in United States v. Dodge, 597 F.3d 1347 (11th Cir. 2010), forecloses his argument; (2) the district court imposed a procedurally unreasonable sentence because his offense was one continuous offense and the district court improperly added two points to his offense level for engaging in a pattern of activity involving stalking, threatening, harassing, or assaulting the same victim, under U.S.S.G § 2A6.2(b)(1)(E); and (3) his 60-month sentence is substantively unreasonable because it is double the high end of the guideline sentencing range and the district court failed to weigh certain factors.  After thorough review, affirm.

"We review for abuse of discretion the imposition of a special condition of supervised release."  United States v. Pilati, 627 F.3d 1360, 1365 (11th Cir. 2010). We review de novo the trial court's interpretation of a statute.  Id.  We generally review the sentence a district court imposes for "reasonableness," which "merely

---

[1] 34 U.S.C. § 20901, et seq.

asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotation omitted). "A district court abuses its discretion if it applies the incorrect legal standard." Dodge, 597 F.3d at 1350. When a defendant challenges the application of an enhancement under the Sentencing Guidelines, we review a district court's factual findings for clear error and its interpretation of the Sentencing Guidelines de novo. United States v. Perez, 366 F.3d 1178, 1181 (11th Cir. 2004). We will not find clear error unless our review of the record leaves us with the definite and firm conviction that a mistake has been committed. United States v. White, 335 F.3d 1314, 1319 (11th Cir. 2003). The district court must interpret the Guidelines and calculate the sentence correctly; an error in the district court's calculation of the advisory Guidelines range warrants vacating the sentence, unless the error is harmless. See United States v. Scott, 441 F.3d 1322, 1329-30 (11th Cir. 2006). A defendant's argument for a specific sentence will preserve a substantive unreasonableness claim on appeal. Holguin-Hernandez v. United States, 140 S. Ct. 762, 764 (2020).

Under our prior-panel-precedent rule, a panel of this Court is bound by a prior panel's decision until overruled by the Supreme Court or by this Court en banc. United States v. Steele, 147 F.3d 1316, 1317-18 (11th Cir. 1998). There is no exception to this rule based upon an overlooked reason or a perceived defect in the

prior panel's reasoning or analysis of the law in existence at the time. United States v. Kaley, 579 F.3d 1246, 1255, 1259-60 (11th Cir. 2009).

First, we are unpersuaded by Lloyd's claim that the district court erred in requiring him to register as a sex offender under SORNA. Under federal law it is unlawful for whoever with the intent to kill, injure, harass, or intimidate another person, uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person by placing that person in reasonable fear of death of, or serious bodily injury to that person. 18 U.S.C. § 2261A(2)(B).

The SORNA requires a "sex offender" to register and keep his registration current in each jurisdiction where he lives, works, or studies. 34 U.S.C. § 20913(a). "Sex offender" is defined under the Act as "an individual who was convicted of a sex offense." Id. § 20911(1). Barring two exceptions that are not relevant to this appeal, a "sex offense" is defined as follows:

> (i) a criminal offense that has an element involving a sexual act or sexual contact with another;
>
> (ii) a criminal offense that is a specified offense against a minor;
>
> (iii) a Federal offense (including an offense prosecuted under section 1152 or 1153 of Title 18) under section 1591, or chapter 109A, 110 (other than section 2257, 2257A, or 2258), or 117, of Title 18;

4

(iv) a military offense specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (10 U.S.C. 951 note); or

(v) an attempt or conspiracy to commit an offense described in clauses (i) through (iv).

Id. § 20911(5)(A)(i)-(v) (emphasis added).  The term "specified offense against a minor" means an offense against a minor that involves:

(A) An offense (unless committed by a parent or guardian) involving kidnapping.

(B) An offense (unless committed by a parent or guardian) involving false imprisonment.

(C) Solicitation to engage in sexual conduct.

(D) Use in a sexual performance.

(E) Solicitation to practice prostitution.

(F) Video voyeurism as described in section 1801 of Title 18.

(G) Possession, production, or distribution of child pornography.

(H) Criminal sexual conduct involving a minor, or the use of the Internet to facilitate or attempt such conduct.

(I) Any conduct that by its nature is a sex offense against a minor.

Id. § 20911(7)(A)-(I).  The SORNA defines a "criminal offense" as "a State, local, tribal, foreign, or military offense . . . or other criminal offense."  Id. § 20911(6).

In Dodge, our en banc Court set out to determine whether the defendant was a sex offender who was required to register as such for his conviction for knowingly

attempting to transfer obscene material to a minor. 597 F.3d at 1349. In order to do so, the Court had to determine whether the defendant's conviction was a "sex offense," and more specifically, whether it was a sex offense that was defined as a "criminal offense that is a specified offense against a minor," pursuant to 34 U.S.C. § 20911(5)(A)(ii). Id. at 1351.

Our Court, sitting en banc in Dodge, began by rejecting the defendant's narrow reading of the SORNA and concluded that "[n]othing in the plain language of the statute suggests that other criminal offense' of [§ 20911(6)] cannot encompass federal offenses not specifically enumerated in [§ 20911(5)(A)(iii)]." Id. at 1352. It added that "Congress did not intend [§ 20911(5)(A)(iii)] to constitute an exclusive list of federal crimes requiring SORNA registration." Id. As for whether the defendant's conviction was a "specified offense against a minor," the Court reasoned that the answer to this question depended on "whether SORNA requires a 'categorical' approach that restricts our analysis to the elements of the crime, or whether SORNA permits examination of 'the particular facts disclosed by the record of conviction.'" Id. at 1353 (quotations omitted). The en banc Court relied on Ninth Circuit reasoning to conclude that the definitions at § 20911(5)(A)(ii) and § 20911(7) do not require the categorical approach, but, instead, "permits examination of the defendant's underlying conduct -- and not just the elements of the conviction statute -- in determining what constitutes a 'specified offense against a minor.'" Id. at 1353-

6

55.  Applying this approach, the en banc Court once again agreed with the Ninth Circuit that § 20911(5)(A)(ii) included a catchall category -- "any conduct that by its nature is a sex offense against a minor" -- and that, because the defendant's conduct paralleled an "undoubtedly registerable offense," his offense fell within the "specified offense against a minor" category.  Id. at 1356.

Here, the district court did not abuse its discretion by requiring Lloyd to register as a sex offender pursuant to SORNA.  Lloyd's argument hinges on his claim that our en banc decision in Dodge was wrongly decided and that it overlooked certain aspects of the relevant statute and relevant Attorney General guidelines when determining to apply the conduct-based approach to the definitions of § 20911(5)(A)(ii) and § 20911(7).  However, a panel of this Court is not at liberty to disregard Dodge; our prior-panel-precedent rule requires us to abide by Dodge until overruled by the Supreme Court or by this Court en banc.  There is no exception to this rule based upon an overlooked reason or a perceived defect in the prior decision's reasoning or analysis of the law in existence at the time.  Accordingly, we affirm as to this issue.

We also find no merit to Lloyd's claim that the district court imposed an unreasonable sentence.  In reviewing sentences for reasonableness, we perform two steps.  Pugh, 515 F.3d at 1190.  First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly

calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[2]  The district court need not explicitly say that it considered the § 3553(a) factors, as long as the court's comments show it considered them when imposing sentence. United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007).

If we conclude that the district court did not procedurally err, we consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard," based on the "totality of the circumstances." Pugh, 515 F.3d at 1190 (quotation omitted).  We may vacate a sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors to arrive at an unreasonable sentence based on the facts of the case.  United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).  "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor ... as long as the sentence ultimately imposed

---

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted). The district court may base its findings of fact on, among other things, undisputed statements in the PSI or evidence presented at the sentencing hearing. United States v. Smith, 480 F.3d 1277, 1281 (11th Cir. 2007). However, a court may abuse its discretion if it (1) fails to consider relevant factors that are due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing a proper factor unreasonably. Irey, 612 F.3d at 1189.

Where the district court has chosen to vary upward, we must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. Id. at 1196. The district court can rely on factors already considered in calculating the guideline range when imposing a variance. See United States v. Amedeo, 487 F.3d 823, 833-34 (11th Cir. 2007). We may not presume that a sentence outside the guideline range is unreasonable and must give due deference to the district court that the § 3553(a) factors, on a whole, justify the extent of the variance. United States v. Rosales-Bruno, 789 F.3d 1249, 1254-55 (11th Cir. 2015). The party challenging the sentence bears the burden to show it is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

The guidelines provide that a two-level increase to an offense level calculation for a stalking offense is warranted when the offense involved "a pattern of activity

involving stalking, threatening, harassing, or assaulting the same victim." U.S.S.G.

§ 2A6.2(b)(1)(E). The commentary to the Guidelines provides that:

> Pattern of activity involving stalking, threatening, harassing, or assaulting the same victim means any combination of two or more separate instances of stalking, threatening, harassing, or assaulting the same victim whether or not such conduct resulted in a conviction. For example, a single instance of stalking accompanied by a separate instance of threatening, harassing, or assault the same victim constitutes a pattern of activity for purposes of this guideline.

U.S.S.G. § 2A6.2, cmt. (n. (1)). Moreover,

> [i]n determining whether subsection (b)(1)(E) applies, the court shall consider, under the totality of the circumstances, any conduct that occurred prior to or during the offense; however, conduct that occurred prior to the offense must be substantially and directly connected to the offense. For example, if a defendant engaged in several acts of stalking the same victim over a period of years (including acts that occurred prior to the offense), then for purposes of determining whether subsection (b)(1)(E) applies, the court shall look to the totality of the circumstances, considering only those prior acts of stalking the victim that have a substantial and direct connection to the offense.

Id. § 2A6.2, cmt. (n. (3)). The guidelines also provide that, if an enhancement under

§ 2A6.2(b)(1) "does not adequately reflect the extent or seriousness of the conduct

involved, an upward departure may be warranted." Id. § 2A6.2, cmt. (n. (5)).

As for procedural unreasonableness, the court did not clearly err in finding

that Lloyd had engaged in a pattern of activity involving stalking, threatening,

harassing, or assaulting the same victim, and thus, warranted adding two points to

his offense level under § 2A6.2(b)(1)(E). As the record reflects, on two separate

occasions, Lloyd threatened to ruin his victim's "good girl reputation" by sharing

photos that he had received with her friends and parents, unless he received topless pictures of the victim. Threats like these are sufficient to warrant the application of § 2A6.2(b)(1)(E). But even if the district court erred in applying § 2A6.2(b)(1)(E), any error was harmless. As the court explained, the guideline sentencing range -- even with the application of § 2A6.2(b)(1)(E) -- did not adequately reflect Lloyd's criminal history and Lloyd's offense, which the court concluded was more than mere cyberstalking. Thus, the district court made clear that the above-guideline statutory maximum sentence it imposed was based on the sentencing factors, not the guidelines, that Lloyd had committed a serious offense that did not fully capture his conduct, and that the guidelines did not fully account for his criminal conduct. On this record, even if the district court somehow erred in applying § 2A6.2(b)(1)(E), any error was harmless.

Nor has Lloyd shown that his sentence is substantively unreasonable. In concluding that a 60-month statutory-maximum sentence was fair and reasonable and sufficient but not more than necessary to satisfy the sentencing objectives, the district court specifically weighed the fact that Lloyd had a family and was able to produce income and support himself in a productive way. Nonetheless, the court determined that these factors were outweighed by others in the record. These included Lloyd's prior convictions, which were not accounted for by the guidelines and included a misdemeanor sexual battery charge, a sexual battery charge, and

11

breaking and entering into a sorority house. They also included the severity of the instant offense -- which the district court determined rose to the level of "a sexual and predatory nature that [was] both dangerous and concerning" -- as well as the impact his offense had on the victims. The district court's weighing of all of these factors was well within its discretion. Accordingly, we affirm.

**AFFIRMED**.